## SUPREME COURT.

DANIEL SIMONSON agt. EDWARD BLAKE AND WIFE.

JOHN A. FOUNTAIN agt. JOHN R. GIBSON, MATTHIAS SIMONSON, administrator, &c., of DANIEL SIMONSON, deceased, EDWARD BLAKE and others.

Under § 275 of the Code the complaint must not only state the facts which the plaintiff claims entitles him to relief, but it must *ask for the relief.*

In cases of mortgage foreclosure, the complaint must ask for a *judgment for the deficiency,* if any shall exist after the sale, against a *purchaser* of the land, or an *assignor* or *guarantor of the mortgage*—who may be liable for the debt, in order to authorize the court to render such a judgment where such defendants have not *answered.*

A judgment for deficiency thus unauthorized, entered against a defendant, does not come within the statute limitation of one year, for a motion to set it aside as irregular. It is not merely irregular; it is *void.*

*Dutchess General Term, February,* 1861.

LOTT, EMOTT, BROWN and SCRUGHAM, *Justices.*

THE first case is an appeal from an order made by Mr. Justice SCRUGHAM, vacating a judgment for deficiency rendered in June, 1857.

The suit was brought to foreclose a mortgage made in 1842 by one Austin Tomlinson.

The complaint alleged that the mortgaged premises had been conveyed to the defendant, Edward Blake; that he was then the owner of the premises, and that he had assumed the payment of the mortgage. The prayer in the complaint was for the usual judgment of foreclosure and sale, and for general relief, there being no specific prayer for judgment for the deficiency.

The summons was served alone; no notice of no personal claim was served with it. The defendant did not appear.

Judgment of foreclosure and sale was rendered in January, 1857. This judgment did not provide in express terms for the payment of the deficiency, but the referee was required by the judgment to specify the amount of the deficiency in his report of sale.

In pursuance of this judgment the premises were sold, and the referee reported a deficiency of $143.71, and that the defendant Blake was personally liable to pay it.

Upon this report the plaintiff's attorney, on the 23d day of June, 1857, applied to the court and obtained an order for judgment against Blake for this deficiency.

In June, 1860, the defendant Blake moved to vacate this judgment for deficiency, on the ground that it was not authorized by the pleadings or proceedings in the action, and upon that motion an order was made, from which the administrator of Daniel Simonson appeals.

The second case. At the time when Simonson obtained the above mentioned judgment for deficiency against Blake, Mr. Blake was the owner of certain other premises, which were subsequently conveyed by him to John R. Gibson, one of the defendants in the second action. These premises were subject to a mortgage to John A. Fountain, the plaintiff in the second action, who foreclosed, making Blake a party as the holder of a mortgage executed to him by Gibson, for a portion of the consideration money on the sale to him, and making Simonson's administrators a party on account of the judgment against Blake.

Upon the foreclosure of the Fountain mortgage there was a surplus, and Simonson's administrator obtained an order of reference as to the same, upon his claim, by virtue of the judgment.

Blake also claims under his mortgage, and as the question of the validity of the judgment was considered to be one which could not properly come before the referee, obtained an order to show cause why the order of reference should not be set aside on account of the invalidity of the judgment, on which it was based, accompanied by a stay.

Accordingly, when the order in the first action was granted, vacating the judgment, it necessarily followed that an order must be made in the second setting aside

the order of reference; and this is the second order appealed from.

M. HALE, *for appellant.*
WM. HENRY ANTHON, *for respondent Blake.*

1. No greater relief can be granted than is prayed for in the complaint, in cases of judgment on failure to answer. (*Code*, § 275; *Marquat* agt. *Marquat*, 2 *Kern.*, 341. JOHNSON, J.)

2. The judgment of foreclosure and sale did not authorize a personal judgment for the deficiency; it was a judgment in *rem*, merely, according to the prayer of the complaint.

3. The pretended order for judgment on report of deficiency is nothing more than an office copy of a proposed order. It is not a judgment in any sense; and if it was is entirely unauthorized by the judgment of foreclosure.

4. The motion being to set aside the judgment as unauthorized does not come within the provisions of the statute in regard to irregularities. " No judgment in any court of record shall be set aside for irregularity, on motion, unless such motion be made within one year after the time such judgment was rendered." (3 *R. S.*, 5*th ed.*, 637; *Code*, § 174.) No such judgment was ever " rendered," and it was improperly entered by the clerk.

5. The appellant having no judgment, nor claim of any kind upon the premises, was not entitled to the order of reference, which was properly vacated. (*Rule* 48; *King* agt. *West*, 10 *How. Pr. R.*, 333.)

By the court, EMOTT, Justice. The judgment against the defendant Blake, was set aside at the special term, because it was entered upon a report of sale in an action in which no such judgment or relief was demanded in the complaint, and in which Blake had not appeared. Blake is not the mortgagor, but his grantee, and his liability is said to arise

from the fact that he assumed the payment of this mortgage in his purchase. He denies, however, that the fact is so. The complaint in the foreclosure suit alleges such to be the fact, but asks for no relief against Blake in consequence, other than the foreclosure of his estate and interest in the premises.

The plaintiff's counsel supposes that his judgment is justified by the 204th section of the 6th article of chapter one, part three, of the Revised Statutes. (2 *R. S.* 191.) That section and the 202d section which refers to decrees against the mortgagor for a deficiency in similar cases, no doubt regulate as well as confer the jurisdiction of a court of equity to render judgment for the payment of money against any of the parties to a foreclosure, when the sale does not satisfy the mortgage without sending them to proceed at law, and it is true that this judgment cannot be rendered, as the amount cannot be ascertained until the sale has been made and confirmed, and the deficiency ascertained.

But this is not inconsistent with the provisions of section 275 of the Code. The rule established by that section applies to all cases. The relief granted to a plaintiff in a case in which there is no answer, cannot exceed that which he demands in his complaint. It is not sufficient that he states facts sufficient to entitle him to the relief, he must also ask for it. The effect of this rule in cases like the present is that the complaint must ask for a judgment for the deficiency, if any shall exist after the sale, against a purchase of the land or an assignor or guarantor of the mortgage, who may be liable for the debt, in order to authorize the court to render such a judgment.

The rule is manifestly just. In the present case this defendant has been adjudged to pay what the mortgaged premises failed to satisfy of the mortgage, not only without any notice that he was to be held to such a liability, and that he should therefore attend the sale and protect him-

self, but without any opportunity to be heard upon the question of his liability, or any notice that he was sued upon it.  Such a practice or course of proceeding is unjust and oppressive, and is not to be favored.

The objection to this judgment is not to its irregularity, but that it is altogether unauthorized, and void or void-able for want of authority in the court to render it.  This is an objection which is not cut off by the statute after a year, but may be heard at any time.  The order setting aside the judgment was correct for the reasons now indicated and should be affirmed.

The order of reference in *Fountain* agt. *Gibson*, might perhaps have been allowed to stand, if proceedings under it were stayed until the determination of the question as to the validity of this judgment.  As, however, we are of opinion that this is invalid, an order of reference based upon it would be of no service.  Indeed there was no objection to vacating it, after the special term had made a similar decision.

Both orders must be affirmed, with ten dollars costs of each appeal.