JAMES GILMOUR *against* JAMES THOMPSON AND ANOTHER.

(Decided June 28th, 1875.)

The defendants, as a condition of signing a compromise by the plaintiff with his creditors of his debts at forty cents on the dollar, exacted from him a promise to secure their whole claim to them, and, in fulfillment of this promise, the plaintiff, several weeks afterwards, gave to the defendants his promissory note on time for the balance of their claim, which note the defendants, before maturity, indorsed and delivered to a *bona fide* holder for value, to whom the plaintiff was obliged to pay it: *Held*, that the agreement being in fraud of the plaintiff's other creditors, the note was not enforceable by the defendants, and that the plaintiff could recover from them the amount he had been compelled to pay on it, with interest.

APPEAL by defendant from a judgment of the general term of the Marine Court of the city of New York, affirming a judgment of that court in favor of the plaintiff and against the defendants, for $284 54, entered on the decision of a judge of that court, rendered after a trial before him without a jury.

The action was brought to recover from the defendant the amount (with interest) of a certain promissory note for $226 35, alleged to have been exacted from the plaintiff by the defendants, in fraud of the plaintiff's other creditors, as a condition of the signing by the defendants of compromise agreement made

by the plaintiff with his creditors, on account of his inability to pay them all in full, and which the plaintiff had been obliged to pay to a *bona fide* holder. On the trial, no evidence was given on the part of the defendant, and the facts, as they were sworn to by the plaintiff, were as follows:

On May 24th, 1873, the defendants, who were a firm doing business under the name of James Thompson & Co., were creditors of the plaintiffs in the sum of $377 25, and on that day joined with the other creditors of the plaintiff in signing a compromise agreement by which his creditors agreed to accept, in full satisfaction of their respective claims, the plaintiff's promissory notes, payable at six months, with satisfactory indorsers, for forty per cent. of their respective claims. The defendants signed this agreement after having asked for and secured from the plaintiff a promise that he would secure their whole claim to them. In pursuance of this agreement, the plaintiff delivered to the defendants the compromise note, satisfactorily indorsed, and also, about the 16th or 18th of June, 1873 (after the signing of the compromise agreement), delivered to them a note at five months, for $226 35, the balance of their claim. Before maturity of this note, the defendant indorsed and delivered it to a holder for value, and without notice of any defense to the note, and the plaintiff was obliged to and did pay it to him.

On affirming the judgment, the following opinion was delivered by the general term of the Marine Court, by Judge McAdam:

"In *Bean* v. *Brooknivel & Rankin* (7 Bankr. Reg. 575), Chief Justice Dillon laid down the rule applicable to this class of cases, as follows: 'The rules of law respecting the good faith to be observed by all who unite in a composition deed, are well known and well settled, and rest upon the soundest policy and upon the clearest principles of equity, commercial morality and fair dealing. The temptation to obtain undue or secret advantages is so great that the necessity for the severe rules which have been declared by the courts to repress it, is undeniable. All must be open and fair. If the creditor appealed to by his debtor makes it a condition of his uniting in a composition that he shall have any advantage not enjoyed or

made known to the others, the transaction cannot stand either at law or in equity; it is a fraud upon creditors, and they can avoid it. It is treated as oppression or duress toward the debtor, and he may defend against any promise to pay, made under such circumstances, or, if he has actually paid, he may recover back the amount, as the law does not consider the parties *in pari delicto*, nor regard such payment thus made as voluntary, and allows such recovery on grounds of public policy (citing *Breck* v. *Cole*, 4 Sandf. 79; *Pinneo* v. *Higgins*, 12 Abb. Pr. 344; *Atkinson* v. *Denby*, 6 Hurl. & Norm. 778; on appeal, 7 Id. 935; approving *Smith* v. *Brownley*, Doug. 696, *note;* *Clay* v. *Ray*, 17 Com. B. 188; *Leicester* v. *Rose*, 4 East, 372; *Jackson* v. *Mitchell*, 13 Ves. jr. 581; *Knight* v. *Hunt*, 5 Bing. 432; *Bradsdaw* v. *Bradshaw*, 9 M. & W. 29; *Wood* v. *Barker*, Law Rep. 1 Eq. Cas. 139; *Howden* v. *Haigh*, 3 Perry & Davison, 661; s. c. 11 Ad. & E. 1033; *Higgins* v. *Pitt*, 4 Exch. 322; *Wells* v. *Gosling*, 1 Brod. & Bing. 447; s. c. 4 Moore, 78; *In re Hodgson*, 4 De Gex & Sim. 354; *Mallalier* v. *Hodgson*, 16 Ad. & E. 689; *Cullingworth* v. *Lloyd*, 2 Beavan, 385; see also *Bean* v. *Amsinck*, 8 B. R. 288; 36 N. Y. 128). In *Smith* v. *Cuff* (6 Maule & S. 160), it appeared that the defendant, being a creditor of the plaintiff, entered into a composition deed with the other creditors, to receive ten shillings on the pound, under an agreement with the plaintiff that he would give defendant his promissory note for the remainder of the debt, which notes were accordingly given and the composition was paid to defendant, and he negotiated the promissory note, the holder of one of which enforced payment from plaintiff by action, and it was held that plaintiff might recover back the amount from the defendant in an action for money paid, had and received. The case just cited is like the one now under consideration. Lord Ellenborough, Ch. J., in the last case, said, ' This is not a case of *in pari delicto*, it is oppression on one side and submission on the other, it never can be predicated as *pari delicto* when one holds the rod and the other bows to it. There is an inequality of situation between these parties—one was creditor the other debtor—who was driven to comply with the terms which the former chose to enforce, and

is there any case where money, having been obtained extorsively and by oppression, and in fraud of the party's own act, as it regards the other creditors, it has been held that it may not be recovered back? On the contrary, I believe that it has been uniformly decided that an action lies.' In the case under examination, the defendant, as in the case cited, negotiated the note before maturity to an innocent holder for value and without notice; in his hands there was no defense to the note, and its payment, under the circumstances, leaving the plaintiff no other option, was not voluntary, but coersive. In *Wilson* v. *Ray* (10 Ad. & Ell. 82), it appeared that the plaintiff, being about to compound with his creditors, defendant, a creditor, refused to subscribe the deed unless he were paid in full. Plaintiff, to obtain his signature, gave a bill payable to defendant's agents, for the difference between twenty shillings in the pound and eight shillings, the proportion compounded for; defendant then signed the deed. Plaintiff did not honor the bill when due, but on subsequent application he paid it some months after the dishonor, by two instalments to the payee, and defendant received the money. The other creditors were paid according to the deed, and the court held that plaintiff could not recover back the amount paid to defendant above eight shillings in the pound, for that the transaction had been closed by a voluntary payment with full knowledge of the facts, and ought not to be reopened; and that it made no difference that the sum in question had not been recovered by action. In the case cited, the plaintiff was under no obligation to pay the bill. It was held at maturity by the payee, and the defendant, with full knowledge of these facts, paid the amount of the bill in two instalments. The defendant having the option whether he would pay the bill or not, voluntarily closed the transaction by payment, and there was no reason why it should be reopened. But in the present case this voluntary element is wanting. The payment was coerced and involuntary. (*Smith* v. *Cuff*, *supra*).

" The defendants claim that the case of *Smith* v. *Cuff* does not apply to this case, for the reason that the note was given after the defendant signed the composition deed, and that hav-

Gilmour v. Thompson.

ing had · his *locus pœnitentiœ*, the giving of the note was relieved from the effects of coercion or duress, and cites *Atkinson* v. *Denby* (6 Hurl. & Nor. 778); *Higgins* v. *Pitt* (4 Exch. 325), to sustain his position. We do not think these cases go as far as the defendants contend. The consideration of the note was fraudulent for the reasons stated, and although given after the composition deed was signed, it was part and parcel of the original corrupt agreement exacted before the deed was signed, as a condition for its execution, and there is nothing in the case to take it out of the rule laid down in *Smith* v. *Cuff* (*supra*). For these reasons the justice at the trial term very properly found for the plaintiff, and the judgment rendered by him is therefore affirmed with costs and $30 allowance."

ALKER, J., concurred.

*Edward Patterson*, for the appellants, cited and commented on the cases of *Smith* v. *Cuff* (6 Maule & Sel. 160); *Wilson* v. *Ray* (10 Ad. & El. 82); *Atkinson* v. *Denby* (6 Hurl. & Nor. 778); *Higgins* v. *Pitt* (4 Exch. 325); *Carroll* v. *Shields* (4 E. D. Smith, 466); *Pinneo* v. *Higgins* (12 Abb. Pr. 334); *Lawrence* v. *Clark* (36 N. Y. 128).

*Blumenstiel & Ascher*, for respondent. 1. The giving of the extra note to the defendants after they had signed the composition agreement was a fraud on the creditors, and void, and the defendants, if they had held the note when it matured, and had sued upon it, could not have recovered thereon (*Bean* v. *Brookmire*, 7 B. R. 575; *Bean* v. *Amsinck*, 8 Id. 288; *Breck* v. *Cole*, 4 Sandf. 79; *Pinneo* v. *Higgins*, 12 Abb. Pr. 334; 36 N. Y. 128; *Atkinson* v. *Denby*, 6 Hurl. & Nor. 778; 7 Id. 935; *Leicester* v. *Rose*, 4 East, 372; *Knight* v. *Hunt*, 5 Bing. 432; *Howden* v. *Haigh*, 11 Ad. & El. 1033; *Carroll* v. *Shields*, 4 E. D. Smith, 466). 2. If the plaintiff, instead of giving a note, had given the extra in cash, he could have recovered it back. See *Breck* v. *Cole*, above cited. See especially for this point *Smith* v. *Brownley* (Doug. 696); *Jackman* v. *Mitchell* (13 Ves. 581). 3. The defendants having ne-

gotiated the note into the hands of a third party, against whom the equities of the case could not be interposed, cannot thereby prevent the plaintiff from making them repay, which, by their wrong, they compelled us to pay. It was no voluntary payment. Same cases, and especially *Smith* v. *Cuff* (6 Maule & Sel. 160). See also 10 Wend. 479.

ROBINSON, J. [after stating the facts of the case as above].— The reasons assigned for the affirmance by the general term of the Marine Court, in the able opinion of Judge McAdam, are entirely satisfactory in demonstrating that the consideration of the note being founded on exaction by defendants, in fraud of other creditors, was void, was not enforceable as between these parties. The question has been fully investigated in this court in the learned opinion of the Chief Justice Daly, in *Pinneo* v. *Higgins* (12 Abb. Pr. 334), and the opinion of Judge McAdam was in harmony therewith.

The further question, whether a party to a negotiable promissory note, void as between him and the payee, by holder, but which has been transferred by the other having such void title, to another who has become a *bona fide* holder for value before maturity, can, on payment of the note to such *bona fide* holder, recover from the party thus transferring the illegal security, and causing the enforcement of it as an obligation which the party so transferring it could not have exacted, seems so clear that it is not raised on this appeal. The liability of the defendants for the amount they have thus through color of the law illegally caused to be exacted from the plaintiff, seems clear. Judgment should be affirmed.

CHARLES P. DALY, Ch. J., and LARREMORE, J., concurred.

Judgment affirmed.