HENRY M. PECK, Trustee, etc., Respondent, *v.* THE NEW YORK AND NEW JERSEY RAILWAY COMPANY et al.

ISAAC D. DEMAREST, Trustee, etc., Respondent, *v.* SAME DEFENDANTS.

JEFFERSON M. LEVY, Appellant.

The provision of the Code of Civil Procedure (§ 1207) providing that, " where there is no answer, the judgment shall not be more favorable to the plaintiff than that demanded in the complaint," was intended for the protection of defendants who suffer default ; it cannot be invoked in an attack upon a judgment by one not a defendant or interested in a defense of the action.

Where, therefore, in an action brought by a trustee for bondholders to foreclose a railroad mortgage, the amount of outstanding bonds was stated at a less amount than that found by the referee, to whom it was referred to compute the amount due, *held*, that said provision was not available to a bondholder, moving to set aside the judgment entered on the report, and a sale thereunder.

Also *held*, that, as the judgment demanded was the foreclosure of the mortgage, the judgment was not more favorable in that respect, and the law required that the amount due should be ascertained.

Also *held*, that, if it was improper to allow plaintiff, against the allegations of his complaint, to prove a larger amount of bonds, it was, at most, a mere irregularity ; that the court below could have, in its discretion, allowed an amendment of the complaint, *ex parte*, before or after judgment ; and whether or not it would, on the application of a bondholder, open the judgment rested in its discretion, the exercise whereof was not reviewable here.

It was alleged that the judgment was irregular because some of the bonds were reported by the referee to have been issued as collateral, and that they were put upon a footing with the other bonds. It did not appear that the collateral bonds were not valid obligations for their full amounts, and it was alleged, in the opposing papers, that they were. *Held*, that whether or not the Supreme Court would, under the circumstances, vacate the judgment to allow an investigation into the amount due to the holders of said bonds, was, in its discretion, and its decision was not subject to review here.

The petition asked relief from the sale, on the ground of mistake and surprise, which was shown. The sale was duly advertised, the petitioner obtained no stay, there was no proof of the value of his bonds, or that he owned them ; it was not shown that the property was sold for an inadequate price ; and the petitioner did not offer any definite sum which

he would pay upon a resale, or show that he was able to bid off the property. The petitioner was allowed to come into the reorganization scheme on the same footing as the other bondholders. *Held,* that the facts authorized the Supreme Court to exercise its discretion, and its determination was not reviewable here.

(Argued April 19, 1881 ; decided May 3, 1881.)

Appeal from order of the General Term of the Supreme Court, in the second judicial department, made October 11, 1880, affirming an order of Special Term, which denied a motion made on behalf of, and on the petition of, Jefferson M. Levy, to set aside judgments of foreclosure and sale in the actions above entitled and the sale made thereunder. (Mem. of decision below, 22 Hun, 129.)

The plaintiffs were trustees for bondholders under different mortgages, executed by defendant The New Jersey and New York Railway Company, and the actions were brought to foreclose said mortgages.

The facts pertinent to the questions discussed are sufficiently stated in the opinion.

*Clarkson N. Potter* for appellant. In equity parties can only recover *secundum allegata* as well as *probata* (*Bailey* v. *Ryder*, 10 N. Y. 370 ; *Forsyth* v. *Clark*, 2 Wend. 437), and where there is no defense, can have only the relief demanded. (*Marquat* v. *Marquat*, 2 Kern. 341 ; *Simonson* v. *Walton*, 20 How. 484 ; *Walton* v. *Walton*, id. 437 ; *Bixby* v. *Mead*, 18 Wend. 611 ; *Lents* v. *Craig*, 13 How. Pr. 72.) Bonds issued by the company as collateral merely are entitled to share in the proceeds of sale with bonds regularly issued, only to the extent of the debt for which they are security. (*Duncomb* v. *N. Y., Housatonic, & N. R. R. Co.*, Ct. of App., MS.) The petitioner is not bound by the action of his trustees or of his co-bondholders without his consent. (*Jackson* v. *Ludeling*, 21 Wall. 616.) Surprise and mistake, occasioned by the opposite party in interest, even though not fraudulent, are always grounds for relief. (*Cook* v. *Tripp*, 26 Wend. 142 ; *Williamson* v. *Dale*, 3 Johns. Ch. 290 ; *Slocum* v. *Glass*, 3 How. 178 ;

*Thompson* v. *Mount*, 1 Barb. Ch. 609.) Although the order granting a stay was irregular, it was valid, and constituted a perfect protection to those who relied upon it. (*Osgood* v. *Josling*, 3 Paige, 195 ; *Harris* v. *Clark*, 10 How. 416.) The purchasers had sufficient notice. (*Crane* v. *Stiger*, 58 N. Y. 625 ; *May* v. *May*, 11 Paige, 201.) The petitioner's claim involved substantial rights, and the orders below are appealable. (*Tripp* v. *Cook*, 26 Wend. 152, 155 ; *Colyer* v. *Whipple*, 13 id. 225 ; *Howell* v. *Mills*, 53 N. Y. 332 ; *King* v. *Platt*, 37 id. 155, 160 ; *Williamson* v. *Dale*, 3 Johns. Ch. 290.)

*Charles C. Deming* for plaintiff, respondent. The order in question is one from which an appeal to this court will not lie. (Code of Civil Procedure, § 190, subd. 3 ; *Sherman* v. *Felt*, 3 How. Pr. 425 ; *Humphrey* v. *Chamberlain*, 11 N. Y. 274 ; *Dunlop* v. *Edwards*, 3 id. 341 ; *Stark* v. *Dinehardt*, 40 id. 342 ; *Thompson* v. *Bullock*, 16 How. Pr. 213, 219.) The order was discretionary, and, therefore, was not appealable. (*Wakeman* v. *Price*, 3 N. Y. 334 ; *Hazelton* v. *Wakeman*, 3 How. Pr. 357 ; *Buffalo Savings Bank* v. *Newton*, 23 N. Y. 160 ; *Sherman* v. *Felt*, 2 id. 186 ; *Cushman* v. *Brundrett*, 50 id. 296 ; *Livermore* v. *Bainbridge*, 56 id. 72 ; *S. C.*, 47 How. Pr. 354 ; *Gray* v. *Fisk*, 53 N. Y. 630 ; *Depew* v. *Dewey*, 56 id. 657 ; *Crane* v. *Stiger*, 58 id. 625 ; *Martin* v. *Windsor Hotel*, 53 How. Pr. 422 ; *Dows* v. *Congdon*, 28 N. Y. 122 ; *Griffin* v. *Marquardt*, 17 id. 28 ; *People* v. *Robinson*, 25 How. Pr. 345 ; *Cotes* v. *Smith*, 31 id. 146 ; *McReynolds* v. *Munns*, 2 Keyes, 14 ; *Spaulding* v. *Kingsland*, 1 N. Y. 426 ; *White* v. *Coulter*, 59 id. 629 ; *Williams* v. *Montgomery*, 60 id. 648 ; 1 Comst. 43 ; 2 id. 86, 269, 563 ; 1 id. 125, 533, 535 ; *Rowley* v. *Van Benthuysen*, 16 Wend. 372 ; *Rogers* v. *Hasack*, 18 id. 319 ; *Rogers* v. *Holly*, 1 id. 350.) Even if the order in question were appealable to this court, the omission to give notice to the purchaser, at the foreclosure sale, is fatal to the appeal. (*Barnes* v. *Stoughton*, 6 Hun, 254, 255 ; Code of Civil Procedure, § 1300 ; *Cotes* v. *Carrol*, 28 How. Pr. 436 ; *Hiscock* v. *Phelps*, 2 Lans. 106 ; *Delaplaine* v. *Lawrence*, 10 Paige, 602 ;

*Mortimer* v. *Nash*, 17 Abb. Pr. 229, note.) The petitioner and appellant is not a party on the record, and, therefore, has no standing in this court. (*Woods* v. *De Figaniere*, 16 Abb. Pr. 1.; *Tracy* v. *First Nat. Bk. of Selma*, 37 N. Y. 523; *Lee* v. *Lynch*, 54 id. 681; *Martin* v. *Kanouse*, 2 Abb. Pr. 390; *Matter of Bristol*, 16 id. 397; *E. B.* v. *E. C. B.*, 8 Abb. Pr. 44; *S. C.*, 28 Barb. 299.) The order which endeavored to stay the sale was void. (Rule 72, Supreme Court Rules; *Bodine* v. *Edwards*, 2 N. Y. Leg. Obs. 231; *La Farge* v. *Van Wagenen*, 14 How. Pr. 54; *Am. Ins. Co.* v. *Oakley*, 9 Paige, 261.) A sale cannot be set aside upon a mere motion, after decree, when such motion is predicated on matter which goes to the merits of the decree itself. (Roper on Sales, § 547.) The fact that a higher price might be obtained will not cause the court to set aside a sale. (*Kellogg* v. *Howell*, 62 Barb. 280; *Whitbeck* v. *Row*, 25 How. Pr. 403; *Stryker* v. *Storm*, 1 Abb. [N. S.] 424; *Lefevre* v. *Laraway*, 22 Barb. 174; Story's Eq. Jur., § 246.) Petitioner's laches are excessive. (*Am. Ins. Co.* v. *Oakley*, 9 Paige, 261; *Bodine* v. *Edwards*, 2 N. Y. Leg. Obs. 231; *Haines* v. *Taylor*, 3 How. Pr. 206.)

*Robert Weeks De Forest* for purchasers, respondents. The order was discretionary. This court will not review it. (*Martin* v. *Windsor Hotel Co.*, 53 How. Pr. 422.)

Earl, J. There is no complaint that the Peck judgment was not regularly obtained, or that there was any irregularity in the sale under that judgment or the proceedings relating thereto. So that if Levy's application rested solely upon that judgment and sale, he would have very little, if any, ground to stand on.

But it is claimed that the two judgments and sales are so related to each other, being parts of a general scheme of foreclosure and reorganization, that any ground of relief against the Demarest judgment and sale must serve Levy as to both judgments and sales, and this claim may be assumed to be well founded.

The action in the Demarest case was commenced in August, 1876, and that in the Peck case was commenced in July, 1879. Judgments in both actions were rendered in August, 1879, and the sales took place December 2, 1879. The mortgage in the Peck case was dated November 1, 1870, and was given to secure $700,000 of bonds, and that in the Demarest case was dated March 1, 1873, and was given to secure $6,000,000. In the Peck case the amount of bonds outstanding and secured by the mortgage was truly stated in the complaint. But in the Demarest case it was alleged that the bonds issued under the Peck mortgage amounted in the aggregate to the principal sum of $150,000, or thereabout, and that the bonds issued under the Demarest mortgage amounted in the aggregate to the principal sum of $350,000 or thereabout, and judgment of foreclosure of that mortgage was demanded.

The same referee was appointed to compute the amounts due upon the two mortgages, and he reported the amount secured by the Peck mortgage to be $528,000 of principal, besides $97,000 of bonds issued as collateral, and that the amount secured by the Demarest mortgage was $363,000 of principal, besides $1,241,000 of bonds issued as collateral.

It is now claimed that the Demarest judgment should have been set aside as irregular and illegal, because it was for a greater amount than was demanded in the complaint, and therefore in violation of section 1207 of the Code, which provides that " where there is no answer the judgment shall not be more favorable to the plaintiff than that demanded in the complaint." But the judgment demanded was that the mortgage be foreclosed, and that was the judgment rendered, and it was no more favorable in that respect than the judgment demanded. The complaint is not before us. That must have contained an allegation that the nominal amount of the mortgage was $6,000,000; and it may have contained a prayer that the amount of the bonds issued under the mortgage be ascertained. Whether it did or not, the law required that the amount should be ascertained. But the section of the Code referred to was intended for the protection of defendants who

suffered default. Levy was not a defendant or interested in the defense of the action. The foreclosure was by his trustee for the benefit of the bondholders, of whom he was one. He cannot, therefore, invoke that section in his attack upon this judgment, and he cannot demand, as matter of right, to have the judgment vacated as illegal.

It may have been improper to allow the plaintiff, against the allegations in his complaint, to prove the large amount of bonds. But that was, at most, a mere irregularity. The action was properly commenced. The court had jurisdiction, and it could have allowed the complaint in respect to such allegations to have been amended *ex parte* before or after judgment, without violating any provision of the Code. Whether or not on account of such irregularity, the Supreme Court would, upon the petition of one situated like Levy, open the judgment and permit the matter further to be investigated, rested in its discretion, to be exercised in view of all the circumstances, and such discretion is not reviewable here.

It is also claimed that the judgments were irregular, because some of the bonds were reported by the referee to have been issued as collateral security, and that such bonds were put upon a footing of equality with the other bonds. It is a sufficient answer to this claim that it does not appear that the collateral bonds were not valid obligations against the company for the full amount thereof; and it is alleged in the papers, in answer to the petition, that they were held as valid obligations against the company for their full nominal amount. Under such circumstances, whether or not the Supreme Court would vacate the judgments, so that there could be an investigation into the amount due upon the collateral bonds to the holders thereof, also rested in its discretion, not subject to review here.

We have, therefore, no jurisdiction to interfere with the decision of the Supreme Court refusing to vacate or set aside the judgments.

The petitioner also claims relief from the sale on the ground of mistake and surprise. There is no allegation of fraud practiced upon him by any one. In July, 1879, he was furnished,

upon his application for it, with a copy of the complaint in the Demarest case, and he claims that, noticing the amount alleged to be due upon the mortgage, he was content that the action should proceed to judgment and foreclosure sale, and that he did not know of the larger amount found to be due upon the mortgage until two days before the sale. He then took proceedings at once to set aside the judgment, and obtain an *ex parte* order staying the sale. That order was vacated as irregular on the day of sale, too late to enable him to take other proceedings or to attend the sale to protect his rights. There can be no reasonable doubt, on the facts alleged, that he was surprised, mistaken and misled, on account of which he may be entitled to maintain his action for relief, which action would probably not be affected by this proceeding. But whether or not he should be relieved, rested in the discretion of the Supreme Court. The judgments were rendered in August, and all the facts were matters of public record from that time. The sales were advertised as required by law. The petitioner obtained no stay of proceedings under the Peck judgment, and as the Peck mortgage was the senior mortgage, a sale under that would have cut off the Demarest mortgage, and all rights which could have been obtained under the judgment upon that mortgage in the mortgaged property. There was no proof of the value of petitioner's bonds, or even that he owned them, the allegation in his petition being that he held them. It was not shown that the property was sold for an inadequate price. That was alleged, but it was as positively denied. The petitioner did not offer any definite sum which he would pay upon a resale, and did not show that he was able to bid off the property upon a resale, if one should be ordered. Levy was permitted to come into the reorganization scheme on a footing of equality with other bondholders; and so far as appears, all the other bondholders acquiesced in the sale. There were, therefore, facts enough upon which the Supreme Court could exercise its discretion. That we have no jurisdiction to sit in review of such discretion is abundantly settled. (*Wakeman* v. *Price*, 3 N. Y. 334; *Buffalo Sav. Bank* v.

*Newton,* 23 id. 160; *Dows* v. *Congdon,* 28 id. 122; *Crane* v. *Stiger,* 58 id. 625; *King* v. *Platt,* 3 Abb. Pr. [N. S.] 174.)

The discretion in the court below may not have been wisely exercised, and injustice may have been done to the petitioner. But he has invoked the exercise of that discretion twice, and has been twice heard on the merits of his application — once at the Special Term and again at the General Term — and if he has suffered injustice, it is a misfortune which cannot be relieved by appeal to this court.

The appeal should, therefore, be dismissed, with costs.

All concur.

Appeal dismissed.