GERTRUDE E. SWART, in her own Behalf and in Behalf of all the other Heirs-at-Law of JACOB E. SCHERMERHORN, Deceased, Respondent, *v.* SEYMOUR BOUGHTON, ELLEN M. BOUGHTON and EMMA M. RICHER, Appellants.

*Prayer for relief — when considered in passing upon a demurrer to the complaint — facts and not conclusions of law must be alleged in the pleadings.*

Although the failure of a plaintiff to pray for the precise relief to which he is entitled is not a ground for demurrer, yet the character and nature of the relief demanded may properly be considered by the court, when passing upon a demurrer interposed to the complaint upon the ground that it does not state facts sufficient to constitute a cause of action.

Where all of the allegations of the complaint are made for the purpose of procuring equitable relief, and that relief alone is asked for, the complaint cannot be sustained as a complaint in an action for legal redress, where no legal redress is asked for and where no answer has been served

The complaint in this action after stating, among other things, that the plaintiff was one of the children of one Schermerhorn who had died intestate, seized in fee of a certain piece of real estate, alleged that the county treasurer of Monroe county executed, under his hand and official seal as treasurer of the county, for The People of the State of New York, a deed or conveyance of the said premises to the supervisors of that county, and that the supervisors of that county subsequently conveyed the same to one of the defendants; that these deeds were recorded in the office of the clerk of the said county, and that the defendant was in possession of the premises thereunder; that the deed to the supervisors is by an act of the legislature made presumptive evidence of the regularity of the proceedings; that the proceedings are regular upon their face, and that the defects claimed by the plaintiff to exist can only be made to appear by extrinsic evidence and will not necessarily appear in any proceedings at law by the said defendant to defend or enforce his rights under the conveyance.

The complaint then alleged in general terms that the assessment, levy and sale were illegal and void, and that the acts required by the charter to be done prior to the assessment and conveyance had not been done, and that the deeds above mentioned were a cloud upon the title of the plaintiff and the other heirs-at-law of said Schermerhorn, and asked that such deeds be adjudged inoperative and void and generally for other relief.

*Held*, that as the complaint itself showed a *prima facie* title in the defendant, and as no specific facts establishing the invalidity of this title were alleged, but mere conclusions of law, the complaint did not state facts sufficient to constitute a cause of action and that a demurrer thereto should be sustained.

APPEAL from an interlocutory judgment of the Monroe Special Term, overruling a demurrer to the plaintiff's complaint.

*William A. Hawthorne,* for the respondent.

*H. H. Woodward,* for the appellants.

HAIGHT, J. :

The complaint alleges that Jacob E. Schermerhorn died intestate, seized in fee simple and in possession of the premises in question. That he left him surviving Mary A. Schermerhorn, his widow, and Gertrude E. Schermerhorn, William Schermerhorn, Armeta Schermerhorn and Herman F. Schermerhorn, his only heirs-at-law. That the plaintiff is the daughter of Jacob E. Schermerhorn, and is the same person mentioned as Gertrude E. Schermerhorn. That after the death of Jacob E. Schermerhorn, his widow, Mary A., conveyed all of her right, title and interest in the premises to one Chauncey Nash, and that the same, by subsequent conveyances, became vested in the defendant Seymour Boughton. The complaint further alleges, that on or about the 20th day of August, 1881, the county treasurer of Monroe county executed under his hand and official seal as treasurer of the county, for The People of the State of New York, as party of the first part, a certain deed or conveyance of the premises in question, to the supervisors of the county of Monroe, party of the second part, setting forth a copy of the deed. That the board of supervisors subsequently conveyed the same by quit-claim deed to the defendant Seymour Boughton. That these deeds are recorded in the office of the clerk of Monroe county, and that the defendant Boughton is in possession of the premises, receiving the rents and profits arising therefrom. That the defendant Emma M. Richer is in the actual occupancy of the premises as the tenant of the defendant Boughton. The complaint also alleges that the deed from the people of the State to the supervisors is, by act of legislature, made presumptive evidence of the regularity of the proceedings. That the sale and all proceedings prior thereto, from and including the assessment of the premises, and all notices required by law to be given, are regular, and that the deed appears to be valid on its face, and that the defects set forth in the complaint can only be made to appear by extrinsic evidence, which will

not necessarily appear in any proceedings at law by the defendant Boughton, in either defending or enforcing the right he claims under the statute. The complaint further alleges, that the tax levy upon the premises for the year 1877, and the assessment for that year as set forth in the deed, was not a good and valid assessment according to law, nor was the tax, as stated in the deed for the year 1877, a good and valid levy according to law, nor did the assessors make any legal or valid assessment, nor did the supervisors make or levy any legal or valid tax, but, on the contrary, the plaintiff alleges and avers, that the pretended assessment and tax for the year 1877, referred to in the deed, is utterly illegal and void, that all of the proceedings had to collect or enforce the pretended tax were not done according to law, nor were the acts provided to be done prior to the executing and delivery of the deed, to entitle the board of supervisors to the conveyance, done or performed according to law, nor were any of the acts and proceedings that were required to be done by the charter of the city of Rochester, done or performed according to law, that all of the acts and requirements of the act of the legislature required to be done prior to the executing of the conveyance to the board of supervisors, and also all the acts required to be performed by the charter of the city of Rochester, have not been done in a legal manner, or according to law, or according to the provisions of the acts of the legislature, and according to the provisions of the charter of the city of Rochester, and are utterly illegal and void. The complaint then alleges that the deed from the people of the State to the board of supervisors, and the deed from the board of supervisors to the defendant Boughton, are a cloud upon the title of the plaintiff, and of the other heirs-at-law of Jacob E. Schermerhorn, deceased, and prays judgment that such deeds may be adjudged inoperative and void. That they be vacated, set aside and canceled, and for such other and further relief as to the court may seem proper and equitable.

The defendants, Seymour Boughton and Ellen M. Boughton, his wife, demur to the complaint upon the ground: First. The complaint does not state sufficient facts to constitute a cause of action, Second. That there is a defect of parties. The defendant Emma Richer demurs separately, but upon the same grounds. The court

at Special Term overruled the demurrers, and from the interlocu-
tory judgment entered thereon appeal is taken to this court.

It is contended in the first place that the complaint states a good
cause of action in ejectment. That it alleges the title of the plain-
tiff, that the defendant Boughton claims under another title which
is invalid, and that his tenant is in possession of the land, receiving
the rents and profits.

In the case under consideration the complaint concedes that the
defendant Boughton is the owner of the dower interest in the prem-
ises of Mary A. Schermerhorn, and the complaint does not ask to
recover the possession of the premises. In determining the ques-
tion as to whether the action is one in ejectment or not, it becomes
important to inquire as to the form of judgment that could be
entered upon the demurrer herein in case the defendants should
not withdraw and serve answers. The plaintiff would then be
entitled to final judgment.

Section 1207 of the Code provides that "where there is no
answer, the judgment shall not be more favorable to the plaintiff,
than that demanded in the complaint. Where there is an answer
the court may permit the plaintiff to take any judgment consistent
with the case made by the complaint and embraced within the issue."

This complaint contains the general prayer for such other and
further relief as to the court may seem proper. If an answer had
been put in, and a trial had, it is possible that the court might
award the plaintiff possession of the land, but in granting judgment
where there is no answer we do not understand that relief can be
granted other than that specifically asked for. In the case of
*Simonson* v. *Blake* (12 Abb. Pr., 331) the complaint asked for the
foreclosure and sale of mortgaged premises and for the usual gen-
eral prayer for relief. It omitted to ask for a judgment of deficiency.
It was held that in a case where there is no answer the relief can-
not exceed that which is specifically demanded in the complaint;
that it is not enough to state facts entitling the plaintiff to the
relief; he must ask for it; that no deficiency judgment could be
granted. (See, also, *Peck* v. *The N. Y. and N. J. R. R. Co.*,
85 N. Y., 246; *Bullard* v. *Sherwood*, Id., 253.)

The only relief specifically asked for in this case is that the tax
deeds be vacated, set aside and canceled. No possession being

asked for, none could be awarded on final judgment upon the demurrer. The complaint asks for no relief that could be awarded by a jury. No trial by jury could be had. Hence we conclude if any cause of action is stated it is merely an action to set aside the deeds as a cloud upon the title.

We do not forget that the failure of the plaintiff to pray for the precise relief to which he is entitled is not a ground for demurrer. But section 481 of the Code provides that the complaint must contain a demand for the judgment to which the plaintiff supposes himself entitled, and this demand may properly be considered by the court in determining the nature of the action set forth in the complaint, whether it is an action at law or one in equity; whether the parties would be entitled to a trial by jury or by the court.

In the case of *Edson* v. *Girvan* (29 Hun, 422) the action was brought against several defendants upon a promissory note. The relief demanded in the complaint was a judgment for the amount due thereon against the defendants and each of them. The defendant Girvan demurred to the complaint upon the ground that it did not contain facts sufficient to constitute a cause of action against him. The facts stated in the complaint were not sufficient to authorize a judgment against Girvan for the amount of the promissory note, but were sufficient to authorize a judgment for an accounting. It was held that the demurrer should be sustained; that under section 1207 of the Code of Civil Procedure, no other or different relief could be granted than that demanded in the complaint; that no relief in equity was asked for, and as the defendant did not answer but served a demurrer, this section of the Code is directly applicable.

In the case of *Fisher* v. *The Charter Oak Life Insurance Company* (67 How., 191) a demurrer was interposed to a complaint upon the ground that it did not state facts sufficient to constitute a cause of action, and was sustained upon the ground that the action was an action at law for the recovery of a specific sum of money; that as the only relief demanded in the complaint was a money judgment against the defendant, no other or different relief could be granted; and that on the facts alleged the plaintiff was not entitled to a judgment for a specific sum of money.

In the case of *Alexander* v. *Katte* (63 How., 262), the action was brought to restore notes alleged to have been canceled in pursuance

of a wrongful scheme, to which the defendant was not a party, but of which he had cognizance. The complaint prayed judgment that the defendant produce and bring into court the notes and collaterals, and that they be declared assets of the company, and a trust fund for the payment of its creditors; that the collaterals be sold and applied to the satisfaction of defendant's indebtedness, and that plaintiff have judgment against the defendant on the notes. The defendant demurred to the complaint. The court sustained the demurrer. DALY, J., in the opinion, says: "The complaint is an application for equitable relief, and as the defendant does not answer but demurs, the judgment granted could not be more favorable than that demanded in the complaint, even though averments that would be proper in setting forth a legal cause of action are embodied in the pleading. Part of the relief demanded is judgment for the amount of the defendant's notes, but plaintiff must first obtain his decree as prayed for, that said notes are part of the assets of the company of which the plaintiff is receiver, before judgment for the amount of said notes can be awarded."

In the case of *Kelley, late Sheriff, etc.,* v. *Downing* (42 N. Y., 71), the complaint demanded judgment that the defendants "be adjudged to account to the plaintiff, late sheriff as aforesaid, for all moneys in their hands deposited by said Bailey, or for his account, applicable to the payment of the aforesaid note, and to pay the plaintiff so much thereof as may be sufficient to satisfy the amount due on said note with interest, and in the meantime that the defendants be enjoined from paying over said moneys to any other person," etc. EARL, Ch. J., in delivering the opinion of the court, says: "The relief granted to the plaintiff, if there be no answer, cannot exceed that which he shall have demanded in his complaint; but in any other case, the court may grant him any relief consistent with the case made by the complaint and embraced within the issue. Here it is not claimed that a judgment upon the note is within the relief demanded against the defendant Bailey. No relief whatever is demanded against him, not even costs." Again, he says: "I go still further and hold that a judgment upon the note would not be consistent with the case made by the complaint. It was not the object of this section to aid a plaintiff who had insufficiently stated the cause of action upon which he seeks judgment, but

simply to aid him, if his complaint is adequate for the judgment he asks, except his prayer for relief. In this case the complaint stated but one cause of action, and that one in equity. A suit upon the note would have been an action at law. There was nothing in the whole framework of the complaint, nor in the prayer for relief, that would lead Bailey to infer that a judgment would or could be taken against him upon the note." (See, also, *Taylor* v. *Charter Oak Life Ins. Co.*, 9 Daly, 489; *De Bussierre* v. *Halladay*, 4 Abb. N. C., 111; *Dusenbury* v. *Dusenbury*, 4 N. Y. Civil Pro. R., 126; *Bockes* v. *Lansing*, 13 Hun, 38; S. C., affirmed, 74 N. Y., 437.)

It thus appears to us that where all of the allegations of the complaint are made for the purpose of procuring equitable relief and where equitable relief alone is asked for, the complaint cannot be sustained for legal redress where no answer has been interposed.

Again, the complaint alleges that the county treasurer of Monroe county executed under his hand and official seal as treasurer of the county, for The People of the State of New York, a deed or conveyance of the premises in question to the supervisors of the county, and that the supervisors of the county subsequently conveyed the same to the defendant, Seymour Boughton; that these deeds were recorded in the office of the clerk of the county, and defendant Boughton is in possession of the premises under them, receiving the rents, issues and profits; that the deed to the supervisors is by act of the legislature made presumptive evidence of the regularity of the proceedings. The complaint contains no allegation of *facts* showing this deed to be void. If these allegations are true (and upon demurrer they must be so considered), then the defendant Boughton is in possession under a superior title to that of the plaintiff It thus appears that the plaintiff has failed to state a cause of action in ejectment, for the reason that her complaint contains allegations which would defeat her action as such.

It remains to be determined whether or not a cause of action is stated for equitable relief. It will be observed that the complaint alleges the deed from the people of the state to be presumptive evidence that the sale and all proceedings prior thereto, from and including the assessment of the premises, and all the notices required by law to be given are regular. The complaint then in general terms alleges that the assessment, levy and sale, etc., were

illegal and void and not according to the provisions of the statute, etc. No fact is alleged from which the court can determine whether or not the assessment, levy, sale or other steps necessary to perfect the title were illegal or void.

The allegations as to the defects are conclusions of law only. Subdivision 2 of section 281 of the Code provides that the complaint must contain "a plain and concise statement of the facts constituting each cause of action without unnecessary repetition."

Pomeroy on Remedies, at section 531, states the rule as follows: "Facts and not law must be alleged; and that averments of legal conclusions without the facts from which they have arisen form no issue, state no cause of action, admit no defense, and do not even support a verdict or judgment; in short they are mere nullities."

In the case of *Smith* v. *Lockwood* (13 Barb., 209–216) it was held that the averment that "they have acted contrary to the act" without setting forth in what manner, is not sufficient to entitle the plaintiff to any relief or redress.

In the case of the *City of Buffalo* v. *Holloway* (7 N. Y., 493) the action was for damages which the city had sustained in consequence of the defendant leaving a sewer open during its construction, so that one passing along the street fell in and was injured. The court in commenting upon the case, at page 498, says: "The complaint instead of stating facts and circumstances to show that it was the duty of the defendant to erect and keep up lights, guards and barriers while the pit remained open, assumes that such was his duty and proceeds at once to allege a breach of this duty. The difficulty is a want of any statement of facts from which such duty arises, for an allegation of the duty is of no avail unless from the rest of the complaint the facts necessary to raise the duty can be collected."

Among the allegations which the courts have condemned as legal conclusions, and for that reason, as forming no material issue and which have been rejected as failing to state a cause of action, are the following: In an action to recover damages for the wrongful interference with the plaintiff's possession of certain lands, the averment that the plaintiff "was entitled to the exclusive possession of the premises in question;" in an action to restrain the collection of a tax on the plaintiff's land, an allegation that the land "is by the laws of the State exempt from taxation;" an allegation "that

the title of the plaintiff to said lots, by virtue of said tax sale, is invalid from an irregularity in the notice of such tax sale;" in an action to set aside a judgment for a tax, an allegation "that no notice was given of the said proceedings, or any of them," which resulted in the tax; in an action on contract, the allegation "that the defendant neglected and refused to perform the stipulated act on his part according to the terms of the agreement." (See Pomeroy on Remedies, § 531, and authorities there cited.)

The respondent, however, claims that the rule has been changed in the case of *Boyle* v. *The City of Brooklyn* (71 N. Y., 1). But such we do not understand to be the effect of the decision in that case. The complaint in that case alleged that "the so-called Atlantic avenue between Flatbush avenue and Classon avenue, the whole of the southerly part thereof, that is to say, north of the plaintiff's premises and fifty feet north thereof, is owned by certain individuals in fee, and is not and never has been legally taken for a public highway, street or avenue; and the persons who signed the petition for repaving as aforesaid, as owners fronting thereon, were not owners and had no right to be included or considered as entitled to sign said petition." The court held this allegation to be sufficient and to be an allegation of a fact. It is true that the allegation that the land never has been legally taken as and for a public highway, etc., may be a conclusion. It is followed, however, by the allegation that the persons who signed the petition, etc., as owners fronting thereon, were not owners and had no right to be included or considered. This is an allegation of a fact, and if true, the petition was fraudulent and void for the reason that it was signed by persons claiming to be owners, fronting upon the street, who were not owners. And from this fact the legal conclusion would follow that the lands had not been legally taken.

In the case of *The People ex rel. Crane* v. *Ryder* (12 N. Y., 433), the plaintiff's complaint alleged that at an election legally held in the county of Putnam, pursuant to the statute in such case made and provided, for the election of a county judge of that county, to discharge the duties of that office from the 1st day of January, 1852, for four years, Crane was duly and lawfully elected to the office for said term. That at said election a majority of the legal

votes or ballots given and received thereat, were given and received for Crane for county judge, and that he was then and there, pursuant to the statute, duly elected to said office, etc. On demurrer, the complaint was held good. The rule, as stated by the court, is the same as stated by Pomeroy. In that case it was contended that the complaint was insufficient, for the reason that it had not particularly named the day on which the election took place. The court held that the day was fixed by general statute, and that the allegation was sufficient. Furthermore, it appears in this complaint that the relator received a majority of the ballots given · and received at the election for county judge. This is an allegation of a fact.

We are, therefore, of the opinion that this complaint is insufficient for the reason that it does not allege any facts from which we can determine whether or not the tax deed is illegal and void, and that the demurrers thereto, on the part of the defendants, should be sustained.

The judgment should be reversed and demurrers sustained, with leave to the plaintiff to amend her complaint in twenty days, upon paying the costs of this appeal and of the demurrers.

BARKER, J., concurred; BRADLEY, J., dissented; RUMSEY, J., not sitting.

So ordered. _____