### MYGATT et al. v. SOMERVILLE et al.

(Supreme Court, Special Term, Kings County. February, 1893.)

MORTGAGES—FORECLOSURE—DECREE WITHIN PRAYER OF COMPLAINT.

In a foreclosure action, the mortgagors, and the persons to whom they had conveyed the equity of redemption before the action was brought, were made parties, but the owners of the equity did not appear. The complaint demanded a sale according to law, and that the mortgagors, and persons claiming under them, subsequent to the commencement of the action, might be barred, but it did not ask relief against all the defendants. *Held*, that the judgment of foreclosure was properly against the owners of the equity of redemption, as well as against the mortgagors; 3 Rev. St. (6th Ed.) p. 199, § 102, (Code Civil Proc. § 1632,) providing that the deed given to the purchaser at a foreclosure sale shall be an entire bar "against all parties to the suit."

Action by Sarah Mygatt and another, trustees, etc., against Lowry Somerville and others, for foreclosure. Plaintiffs move, under Code Proc. § 275, to compel the purchaser at the foreclosure sale to complete purchase. Motion granted.

The purchaser objected to the title tendered by the sheriff upon the ground that two judgments of foreclosure rendered in 1873 and 1876, through which the title to the property was derived, were in each case, as against the owner of the equity of redemption, more favorable to the plaintiffs than the relief demanded in the complaint, inasmuch as the complaint in those actions both prayed that the mortgagor and wife, and all persons claiming under them, or either of them, subsequent to the commencement of the action, might be barred and foreclosed, and should properly have demanded

that all the defendants, and those claiming under them, be barred and foreclosed. The mortgagor, with his wife, had conveyed the premises prior to the commencement of the foreclosure, and the owners of the equity failed to appear or answer. The owners of the equity of redemption were in each case parties.

Edward E. Sprague, for plaintiffs.
Wm. H. E. Jay, for the purchaser.

BARTLETT, J.    I think the title in this case is good.    The foreclosure suit was certainly effectual, so far as the sale was concerned. The complaint prayed that the premises might be decreed to be sold according to law.    The owner of the equity of redemption was a party to the suit, and hence, it seems to me, was clearly barred, under the provisions of the Revised Statutes, (now substantially reproduced in section 1632 of the Code,) which declared that "such deeds shall be as valid as if the same were executed by the mortgagor and mortgagee, and shall be an entire bar against each of them, and against all parties to the suit in which the decree for such sale was made, and against their heirs, respectively, and all claiming under such heirs."    3 Rev. St. (6th Ed.) p. 199, § 102.    This provision, and its effect, seem to have been overlooked in the case of Bradley v. Murray, upon which the defendants chiefly rely.

Motion granted, without costs.

NOTE.

In Bradley v. Murray, supra, (supreme court, special term, New York county: decided January, 1885,) Mr. Justice Lawrence filed the following opinion: "The action was for the foreclosure of a mortgage, and the prayer of the complaint was that the defendant Ellen Murray, and all persons claiming under her subsequent to the commencement of this action, may be barred and foreclosed, etc. The case went by default, and in the judgment it was provided 'that the defendants, and all persons claiming under them, or any or either of them, after the filing of such notice of pendency of this action, be forever barred and foreclosed,' etc. The purchaser objects to take title because, as the complaint did not ask or demand that any one other than Ellen Murray, and those claiming under her, should be barred, etc., the judgment was more favorable to the plaintiff than that demanded in the complaint. In this contention I think that counsel for the purchaser is right. See Code, § 1207. In Simonson v. Blake, 12 Abb. Pr. 331, the action was for the foreclosure of a mortgage. No answer was put in, and, although there was no demand to that effect in the complaint, a judgment was granted for a deficiency. It was held by the court that such judgment was not merely irregular, but was void or voidable, and unauthorized. To the same effect is the decision of the general term of the second department in Andrews v. Monilaws, 8 Hun, 65. See, also, Grant v. Van Dercook, 8 Abb. Pr. (N. S.) 455. Motion granted, with costs."

In Wallace v. Naughton, (supreme court, special term, New York county; decided December, 1890,) Mr. Justice O'Brien filed the following opinion: "This application is made by an innocent purchaser to be relieved from an error made in foreclosing a mortgage in the year 1878, under which her title comes, and it is to be regretted that no authorities can be found for allowing the relief here asked for upon a motion. By the undisputed facts it appears that the summons and complaint in the foreclosure suit were served on the defendant James Naughton, and the summons, with notice of object of action, upon the defendants Eliza Naughton and James Edward Naughton on the 13th day of July, 1888. At the time of the commencement of the action the defendant Eliza Naughton was seised of a legal title to the

premises, and of the equity of redemption, and, by a clerical error in the drawing of the complaint, the prayer for judgment asked only that the defendant James Naughton, and all persons claiming under him subsequent to the commencement of the action, be barred and foreclosed, whereas it should have asked 'that all of the defendants above named, and all claiming under them, be barred, foreclosed,' etc. The judgment entered by default, the defendants not having appeared, provided that they, and all persons claiming under them, should be forever barred. By this motion it is sought to amend the complaint by inserting the names of Eliza Naughton and James Edward Naughton, so that it shall demand that all of the above-named defendants be barred and foreclosed of any right, claim, lien, and equity of redemption in the mortgaged premises. The defendants' contention that the applicant in the case has no standing in court, because made without notice to plaintiff, is untenable, for the reason that the main affidavit as to the proceedings in the case is made by one of the attorneys for the plaintiff in the action of foreclosure, the other being dead, and the applicant is shown to be the bona fide owner of the premises, and in the possession thereof. His further objections, however, seem to me to be well taken. After conceding the terms of the judgment to be broad enough to cover all the defendants, it is admitted that the complaint only asks that the interest and right of the mortgagor, James Naughton, be foreclosed, and not the right and interest of Elizabeth Naughton, the admitted owner of the equity of redemption. By section 1207 of the Code it is provided that "where there is no answer the judgment shall not be more favorable to the plaintiff than that demanded in the complaint." Here none of the defendants appeared, answered, or demurred. Pursuant to section 1207, therefore, it is doubtful if any judgment which foreclosed the equity of redemption of the defendant against whom such relief was not demanded in the complaint could be upheld. If default were made in the action, as herein, an action to foreclose a mortgage, and it was sought to amend the complaint upon notice by adding to the prayer for relief a clause which would permit of the sale of the equity of redemption of a defendant against whom it was not originally prayed for, it is manifest that such defendants would be afforded an opportunity of answering. It would be useless to grant the application in any way which would permit of an answer by the opposing defendant after twelve years have elapsed, and the property has been sold, as it would practically be a denial of the relief asked upon this motion. The equities are entirely with the applicant, for it is apparent that the error, but lately discovered, has been made the basis of an attempt to coerce an innocent purchaser, who is in no way connected with the original mistake, into paying something to obtain the release of the person who, no doubt, until this discovery, was under the belief that her interests had been entirely barred and foreclosed. It is for this reason, as stated, that I have reached, with regret, the conclusion that the applicant's remedy is not by motion, but that resort must be had to a suit for the purpose of curing the error. The motion is accordingly denied, without costs, and with leave to make any new or further application upon the same or any additional facts upon which the court can acquire the right to grant the relief asked for upon this motion. Ordered accordingly."