SMITH *v.* BARNUM *et al.*

(*Supreme Court, General Term, Fourth Department.* November, 1888.)

1. TRUSTS—DEBTS OF BENEFICIARIES—SUPPLEMENTARY PROCEEDINGS.

A testator devised certain property to his wife for life, and at her death to his son. He also devised other property to his wife in trust to invest, and apply the income to the use of the son, she to have the power to give him such portion of the trust property as she should see fit, and at her death the property to go to him absolutely. It was further provided that, should the wife survive the son "and his descendants," the property should pass to other devisees. *Held*, under Code Civil Proc. N. Y. § 1879, providing that the discovery or seizure of, or other interference with, any money or thing in action, or other property, held in trust for a judgment debtor, is not authorized, where "the trust has been created by, or the fund so held in trust has proceeded from, a person other than the judgment debtor," that in the life-time of the wife the son had no interest in the property devised such as could be reached by a receiver in supplemental proceedings.

2. JUDGMENT—DEFAULT—DEMURRER OVERRULED WITH LEAVE TO ANSWER.

Where an order overruling a demurrer gives leave to answer, and provides that, in case an answer is not filed in the specified time, final judgment shall be given for plaintiff, a judgment entered in accordance with the terms of the order is not by default, and an appeal lies.

Appeal from special term, Otsego county.

Action by Frank L. Smith, as receiver, against Curtis A. Barnum and others. A demurrer to the complaint was overruled, and, on failure of defendants to answer, final judgment was entered for plaintiff. Defendants appealed, giving notice that they intended to bring up for review the order overruling the demurrer, and the interlocutory judgment rendered thereon.

Argued before HARDIN, P. J., and FOLLETT, J.

*Lynes & Pierce*, for appellants. *C. L. Barber*, for respondent.

HARDIN, P. J. In the order overruling the demurrers leave was given to withdraw the demurrers, and to serve an answer within 20 days after the service of a copy of such interlocutory judgment upon them. The order further provided, viz.: "If they shall not withdraw their demurrers as herein provided, and answer the complaint, then the plaintiff shall have final judgment against them for the relief demanded in the plaintiff's complaint." Inasmuch as the judgment is entered in pursuance of the direction contained in the order, we are of the opinion that it was not a judgment by default. Our attention is directed to *Avery* v. *Woodin*, 44 Hun, 269, which, in our opinion, is wholly unlike the case before us. There is no answer or demurrer had been served. We are of the opinion that the order overruling the demurrer and interlocutory judgment, and the subsequent judgment entered thereupon, are properly brought up for review by the appeal taken therefrom by the defendants.

2. Plaintiff was appointed receiver of Curtis A. Barnum in proceedings supplementary to executions, and brings this action for the purpose of enforcing payment of the several judgments, upon which he was appointed such receiver, out of the property and effects of the judgment debtor, Curtis A. Barnum. His father, Abijah Barnum, died, leaving a last will and testament, which was admitted to probate, and is set out as a part of the plaintiff's complaint. By the first clause of the will the testator devised "the use of the brick house and premises owned by me [that is, him] * * * to Laura Barnum, his wife, for and during her natural life, and at her death I give and devise the same absolutely to my son, Curtis A. Barnum." By a further provision of the will, the testator declared, viz.: "In case my said wife shall at any time elect to sell the premises and property above devised to her use, then I

direct and empower my nephew Carlton B. Pierce, as trustee for that special purpose, to sell such premises and property, and invest the proceeds as my wife may direct, and apply the use or income thereof to the use of my said wife during her life-time, and at her death I give and devise the same absolutely to my son, Curtis A. Barnum." It is alleged in the complaint that Carlton B. Pierce, the trustee, has sold the brick-house premises for the sum of $4,000, and invested the proceeds thereof. By the terms of the will which we have quoted the trustee was authorized to invest the proceeds under the direction of the wife of the testator, and it was made his duty to apply "the use or income thereof to the use" of the wife of the testator during her life-time. It is quite apparent that the trustee is entitled to hold the proceeds of the house for the purpose of applying the use or income thereof to the wife of the testator during her life. Neither the widow nor the trustee has any power to sell or dispose of the proceeds of the brick house during the continuance of her life. It is provided in the fifth clause of the will that in the event the widow survives the son "and his descendants, then, at her death, the brick-house property is given to the children of Sylvester Barnum." Whether Curtis A. Barnum shall ever become entitled to the proceeds of the brick house depends upon whether or not he and his descendants survive his mother. If they do not, the proceeds, as before stated, must pass to the children of Sylvester Barnum. The will of the testator, after disposing of the brick house and land, and certain personal property, further provides, viz.: "*Fourth.* All the rest, residue, and remainder of my property, real and personal, I give and devise to my executrix hereinafter named, in trust, to invest the same and apply the income thereof to the use of my son, Curtis A. Barnum, and at her death I give and devise the same, principal and interest, absolutely to my son, Curtis A. Barnum, and I direct and empower my executrix to give the whole or any part of such sum to my son, Curtis A. Barnum, before her death, and at any time as she may desire and think fit to do, if she shall at any time wish so to give it to him." It is quite manifest from the language just quoted that it was the intent of the testator to place the rest, residue, and remainder of his property in the hands of Laura A. Barnum, sole executrix, as trustee, to be so held by her during her life-time, unless she should elect "to give the whole or any part to her son, Curtis A. Barnum, before her death." No such election or exercise of the power confided to her is alleged in the complaint, and it is to be assumed that no such gift has been made to the son, Curtis A. Barnum. After the language which we have quoted from the fourth provision of the will, the same property mentioned therein is subjected to the words found in the fifth clause of the will, where it is provided that, if the testator's wife shall survive the son and his descendants, then, in that event, the testator gives and devises the property "absolutely to the children of Sylvester Barnum, * * * share and share alike." It is alleged in the complaint, viz.: "That there remains of the residuum of said Abijah Barnum's estate, free from incumbrance, the sum of $250, in the hands of said Laura Barnum, as executrix under clause fourth of said will." We are inclined to the opinion that the title to the proceeds of the brick house remained in the hands of the trustee until the expiration of the life of the testator's widow, and that the title to "the rest, residue, and remainder" remains in the executrix, Laura Barnum, and therefore the defendant Curtis A. Barnum has no absolute legal title to either the proceeds of the brick house, or to the rest, residue, and remainder of the testator's property. The complaint before us is not framed for the purpose of reaching any surplus income, and therefore no such relief as was given in *Williams* v. *Thorn*, 70 N. Y. 270, can be awarded to the plaintiff under the complaint.

If we are right in our construction of the will in assuming that both funds are held in trust, although by contingencies yet to happen the defendant may become the owner of the principal, he is not, during the life-time of his mother,

entitled to the same, and therefore this action is prematurely brought. *Myer* v. *Thomson*, 35 Hun, 562. In title 6, art. 1, Code Civil Proc., it is provided that the judgment creditor "may maintain an action against the judgment debtor and any other person to compel the discovery of any thing in action, or other property belonging to the judgment debtor, and of any money, thing in action, or other property due to him, or held in trust for him." Section 1871, Code Civil Proc. However, in section 1879, it is provided: "This article does not apply to a case, * * * nor does it authorize the discovery or seizure of, or other interference with, any property, which is expressly exempted by law from levy and sale, by virtue of an execution; or any money, thing in action, or other property, held in trust for a judgment debtor, where the trust has been created by, or the fund so held in trust has proceeded from, a person other than the judgment debtor." That section seems to stand in the way of the plaintiff's having the relief which he has sought in this action. This seems to be substantially in accordance with the provision found in section 38 of the Revised Statutes, which section authorized the court of chancery to take jurisdiction in creditors' suits to compel the discovery of property belonging to the judgment debtor, or held in trust for him, "except where such trust has been created by, or the fund so held in trust has proceeded from, some person other than the defendant himself." 2 Rev. St. p. 173, §§ 38, 39. Section 38 provides for a bill for discovery of any money, property, or thing in action belonging to, or held in trust for, the judgment debtor, "except where such trust has been created by, or the fund so held in trust has proceeded from, some other person than the defendant, the judgment debtor himself." *Campbell* v. *Foster*, 35 N. Y. 361. If these views are correct, the plaintiff has stated no sufficient facts warranting the relief sought for by his complaint. It follows, therefore, that the order of the special term overruling the demurrer should be reversed. Judgments and order reversed, with one bill of costs, and leave granted to the plaintiff to amend his complaint on payment of the costs of this appeal, and one bill of costs upon the demurrers, within 20 days.

FOLLETT, J., concurs.