CHARLES O. BASSETT, Appellant and Respondent, *v.* THOMAS
HENRY FRENCH, Respondent and Appellant.

1. ASSESSMENT OF DAMAGES ON DEFAULT NOT REVIEWABLE IN COURT
OF APPEALS.  A proceeding for the assessment of the plaintiff's damages,
after his cause of action has been admitted by the defendant's failure to
answer, is not the subject of review in the Court of Appeals.

2. METHOD OF REVIEW.  The method of review in such cases is by
motion to set aside the inquisition, which, being largely addressed to the
discretion of the Special Term of the trial court, is the subject of review
by the appellate branch of the same court, and by that court only.

*Bassett* v. *French,* 10 Misc. Rep. 672, appeal dismissed.

(Argued January 17, 1898; decided February 1, 1898.)

CROSS-APPEALS from a judgment of the General Term of
the late Court of Common Pleas for the city and county of
New York, entered January 10, 1895, modifying, and affirm-
ing as modified, a judgment of the Special Term of that court
in favor of plaintiff entered upon the report of a referee.

This action was brought to recover damages for the alleged
wrongful discharge of plaintiff from defendant's service. .

The facts, so far as material, are stated in the opinion.

*William S. Maddox* and *Henry D. Hotchkiss* for plaintiff.

*A. J. Dittenhoefer* and *David Gerber* for defendant.

PARKER, Ch. J.   The complaint alleged the making of a
contract between the plaintiff and defendant, breach thereof
by the defendant, and demanded judgment in the sum of
three thousand dollars.

The defendant by his attorney served a notice of appear-
ance, but made default in answering, whereupon the plaintiff,
in pursuance of § 1216 of the Code and upon notice, made
application to the court at Special Term for an order of ref-
erence to ascertain and assess the damages.  The court
adjudged the plaintiff to be entitled to the damages by him
sustained on account of the cause of action alleged in the com-

plaint, and appointed a referee to assess them. The referee, attended by the counsel for both parties, took the evidence offered, and assessed the damages at $2,719.66, for which amount a judgment was subsequently entered. An appeal was thereafter taken to the General Term, which court modified the judgment by deducting therefrom the sum of $300, and as thus modified the judgment was affirmed. From such judgment both parties have attempted to appeal to this court, having apparently overlooked the case of *Bossout* v. *R., W. & O. R. R. Co.* (131 N. Y. 37), which holds that a proceeding for the assessment of damages, whether taken after a plaintiff's cause of action has been admitted by the defendant's failure to answer, or after the affirmance of an order granting a new trial and the entry of judgment absolute thereon, is not the subject of review in this court. The method of review in such cases is by motion to set aside the inquisition, which is largely addressed to the discretion of the Special Term, and is, therefore, the subject of review by the appellate branch of the same court, and by that court only.

The appeal should be dismissed, with costs.

All concur.

Appeal dismissed.