HAWLEY D. CLAPP, Respondent, *v.* WILLIAM F. McCABE,. Appellant.

1. PURCHASE BY PLAINTIFF ON FORECLOSURE SALE — MISTAKE IN DESCRIPTION OF LAND. A purchase by the plaintiff on a mortgage foreclosure sale under a default judgment, does not give title to lands not included in the complaint, but included in the judgment by mistake of plaintiff's attorney.

2. MOTION TO CORRECT EXCESSIVE JUDGMENT TAKEN BY DEFAULT. A motion to correct a judgment taken by default which is more favorable to the plaintiff than that demanded in the complaint, in violation of section 1207 of the Code, need not be made by the defendant, but he may resist or attack such an unauthorized judgment in any form that he may elect.

3. ACTION FOR REAL PROPERTY — MISTAKE IN FORECLOSURE JUDGMENT AS AFFECTING PLAINTIFF'S TITLE. A defendant who has no interest in the premises cannot defeat an action for the possession of real property on the ground that plaintiff's title has been divested by a default. judgment in foreclosure which, by mistake, included the land when it was. not included in the complaint.

*Clapp* v. *McCabe,* 84 Hun, 379, affirmed.

(Argued March 22, 1898; decided April 19, 1898.)

APPEAL from a judgment of the late General Term of the Supreme Court in the second judicial department, entered February 16, 1895, affirming a judgment in favor of plaintiff entered upon the report of a referee.

This was an action in ejectment to recover the possession of an undivided one-seventh part of certain lands situate in the. town of Mamaroneck, in the county of Westchester.

The facts, so far as material, are stated in the opinion.

*Isaac N. Mills* for appellant. The action to foreclose the mortgage was brought and maintained throughout upon the theory that the release left subject to the mortgage the premises that were in fact released by it. (*Byrnes* v. *Palmer,* 18. App. Div. 1; *Clapp* v. *Byrnes,* 3 App. Div. 284.) The plaintiff cannot in this action attack the validity and conclusiveness upon him of the judgment in the foreclosure action, to which he was a party defendant. (*Morris* v. *Morange,* 38 N. Y. 172; *Hunt* v. *Hunt,* 72 N. Y. 217; *Jor-*

*dan* v. *Van Epps*, 85 N. Y. 427 ; *Schaettler* v. *Gardiner*, 47 N. Y. 404 ; *Hunting* v. *Blun*, 143 N. Y. 511 ; *Oliphant* v. *Burns*, 146 N. Y. 219 ; *Wakeman* v. *Dalley*, 51 N. Y. 31 ; *Bosworth* v. *Vandewalker*, 53 N. Y. 597 ; *People ex rel.* v. *McKane*, 78 Hun, 154.) The determination of what part of the originally mortgaged premises remains subject to the mortgage was within the jurisdiction of the court in the fore-closure action. (*Jacobie* v. *Mickle*, 144 N. Y. 237.) If the foreclosure action is to be regarded as an action to foreclose the mortgage upon the premises owned by Mrs. Huldah Clapp (the plaintiff in that action), then the mistake or error in the judgment in describing the other premises as those to be sold, that is, in describing the premises that had in fact been released as the premises to be sold, constitutes an irregu-larity or error of fact in that judgment which, under sections 1282–1292 of the Code of Civil Procedure, could be cor-rected only by motion made in that action. (*C. E. Bank* v. *Blye*, 119 N. Y. 414 ; *Williams* v. *Thorn*, 81 N. Y. 381 ; *Moran* v. *Chase*, 52 N. Y. 346 ; *J. L. & S. O. Co.* v. *Hubbell*, 76 N. Y. 543 ; *U. Nat. Bank* v. *Kupper*, 63 N. Y. 617 ; *Campbell* v. *Seaman*, 63 N. Y. 568 ; *Leonard* v. *C. S. N. Co.*, 84 N. Y. 48 ; *Ingersoll* v. *Bostwick*, 22 N. Y. 425 ; *Johnson* v. *Carnley*, 10 N. Y. 570 ; *Decker* v. *Decker*, 108 N. Y. 128 ; *Kenney* v. *Apgar*, 93 N. Y. 539.) In this action of eject-ment the plaintiff, in order to succeed, must affirmatively establish his title. (*Wallace* v. *Swinton*, 64 N. Y. 188.) Upon general principles of equity, the plaintiff should not be permitted to succeed in this action. (*U. Nat. Bank* v. *Kup-per*, 63 N. Y. 618.)

*A. Britton Havens* for respondent. The release is expressly made a part of the complaint, *lis pendens*, decision and judg-ment in the foreclosure suit, and, therefore, the whole lan-guage of the release must be incorporated into and form a part of those instruments. (*French* v. *Carhart*, 1 N. Y. 96 ; *Jackson* v. *Parkhurst*, 4 Wend. 369 ; *Jackson* v. *Ransom*, 18 Johns. 107 ; *Hoppough* v. *Struble*, 60 N. Y. 430 ; *Hathaway*

v. *Payne*, 34 N. Y. 92.) When the whole language of the release is incorporated into and made a part of the judgment roll in foreclosure, and the whole judgment roll is read together, it is plain that the judgment does not, upon its face, purport to direct the foreclosure and sale of the premises in suit. (*Laverty* v. *Moore*, 33 N. Y. 658; *Masten* v. *Olcott*, 101 N. Y. 152; *Case* v. *Dexter*, 106 N. Y. 548; *Jackson* v. *Ransom*, 18 Johns. 107; *Jackson* v. *Parkhurst*, 4 Wend. 369; *Coleman* v. *Beach*, 97 N. Y. 545; *Donahue* v. *Case*, 61 N. Y. 631; *Craig* v. *Wells*, 11 N. Y. 315; *Ousby* v. *Jones*, 73 N. Y. 621; *Thayer* v. *Finton*, 108 N. Y. 394; *Putzel* v. *Van Brunt*, 8 J. & S. 501; *N. Y. S. Co.* v. *Stern*, 46 Hun, 206.) The foreclosure judgment does not constitute a defense in this action, either as an estoppel or as evidence of an outstanding title, for it is clear, upon the face of that judgment, that the court did not intend to foreclose the property released from the lien of the mortgage. (*Masten* v. *Olcott*, 101 N. Y. 152; *Rathbone* v. *Hooney*, 58 N. Y. 463.) It is not competent for the defendant in this action to found a claim of title to the premises in suit upon a mistake or intentional fraud in the judgment of foreclosure. (*Ward* v. *Town of Southfield*, 102 N. Y. 287; *Mandeville* v. *Reynolds*, 68 N. Y. 528; *Richardson* v. *Trimble*, 38 Hun, 409; *Mayor, etc.,* v. *Brady*, 115 N. Y. 599.) Even if the judgment of foreclosure, on its face, purports to bind the premises now in suit, it would not constitute a defense herein, because, at the time of the commencement of the action of foreclosure, respondent's title to said premises was not subject to the lien of the mortgage, and hence could not be cut off under the general allegations of the complaint in the foreclosure action, nor was his title conveyed by the referee's deed. (*Lewis* v. *Smith*, 9 N. Y. 502; *Merchants' Bank* v. *Thomson,* 55 N. Y. 7; *Frost* v. *Koon*, 30 N. Y. 428; *Rathbone* v. *Hooney*, 58 N. Y. 463; *Payn* v. *Grant*, 23 Hun, 134; *D. S. Bank* v. *Crook*, 29 Hun, 671; *Baker* v. *Thomas*, 15 N. Y. Supp. 359; *Kendall* v. *Niebuhr*, 13 J. & S. 542; *Simonson* v. *Falihee*, 25 Hun, 570.) In so far as the judgment of foreclosure purports to affect the premises now

in suit, if at all, it is void for want of jurisdiction of the subject-matter, because, as to such premises, it is not responsive to the pleadings and does not conform to the decision of the court. (27 Abb. [N. C.] 132; Code Civ. Pro. § 1207; *Bell* v. *Merrifield*, 109 N. Y. 202; *Zoeller* v. *Riley*, 100 N. Y. 102; *Duchess of Kingston's Case*, 2 Smith L. C. 784; *Hymes* v. *Estey*, 116 N. Y. 501; *Jordan* v. *Van Epps*, 85 N. Y. 427; *Clemens* v. *Clemens*, 37 N. Y. 59, 73; *Hunt* v. *Hunt*, 72 N. Y. 217; *Rathbone* v. *Hooney*, 58 N. Y. 463; *Reynolds* v. *Stockton*, 140 U. S. 254; *Byrnes* v. *Palmer*, 18 App. Div. 1; *Sheldon* v. *Newton*, 3 Ohio St. 494; *Stuart* v. *Palmer*, 74 N. Y. 183; *Jacobie* v. *Mickle*, 144 N. Y. 237.) It is not incumbent upon the plaintiff in this action to seek relief from the mistake, omission or fraud in the foreclosure judgment; nor does he seek such relief or propose to attack said judgment collaterally or otherwise; hence, no question can arise herein as to whether the plaintiff is guilty of *laches* in so doing. (Code Civ. Pro. §§ 724, 1282; *C. E. Bank* v. *Blye*, 119 N. Y. 417; *McPherson* v. *Rollins*, 107 N. Y. 316; *Acer* v. *Westcott*, 46 N. Y. 384; *C. V. Bank* v. *Delano*, 48 N. Y. 326; *Clark* v. *McNeal*, 114 N. Y. 287; *Westbrook* v. *Gleason*, 79 N. Y. 23.) The referee herein having found, as matter of fact, that the premises now in suit were excepted from foreclosure and sale by the judgment in the foreclosure suit, this court is not at liberty to go behind such finding of fact. (*Laverty* v. *Moore*, 33 N. Y. 658, 663.)

O'BRIEN, J. When the legal question in this case is reached through a series of facts somewhat complicated it will be found to be merely a dispute concerning the construction and effect of a judgment in an action to foreclose a mortgage. That the plaintiff became vested with the title to the real property, which is the subject of the action, under the will of his father, who died January 5th, 1880, seized of the premises, is not disputed. The only question is whether the unquestionable title so derived has been divested by force of the judgment subsequently entered in the foreclosure action.

It appears that the plaintiff's ancestor, in December, 1861, about eighteen years before his death, mortgaged a tract of land containing about twelve acres, which he then owned, including the parcel in controversy in this action. On the 18th of August, 1863, the owner and holder of this mortgage released from the lien thereof a large part of the tract so mortgaged, and the part released included the parcel described in the complaint in this action. The release is somewhat peculiar in form, though perfectly full and complete, in the language employed, when carefully read. It is a somewhat lengthy and formal instrument, under seal and acknowledged. It begins by reciting the execution of the mortgage, the parties to it and the place where recorded, and then the various assignments through which it had come to the hands of the party executing the release. By the operative words of the instrument the owner of the mortgage released, granted, quitclaimed and set over to the plaintiff's father all the lands described in the mortgage, except a certain parcel which is described by metes and bounds, and it is distinctly stated that the parcel so described is the only part of the lands originally mortgaged that remained bound by the lien, all the other lands being expressly released. This release was duly recorded on the 20th of August, 1863, and a few days thereafter the lands still remaining bound by the mortgage were conveyed by the father, and the grantee in the deed assumed the mortgage and agreed to pay it.

On the 13th of September, 1863, about a month after this conveyance, the mortgage was assigned to Huldah H. Clapp, the wife of the mortgagor. The mortgage in her hands clearly covered only that part of the lands not released, and did not cover the land now in dispute. On December 6th, 1881, she brought an action to foreclose the mortgage by filing a summons, complaint and notice of *lis pendens*. The plaintiff, being one of the heirs at law of his father, the original mortgagor, and one of the devisees under his will, was made a party defendant, and being then an infant, a guardian *ad*

67

*litem* was appointed on his application, who appeared and served the usual answer, submitting the rights of the infant to the judgment of the court. The plaintiff in the action sought by the complaint to procure a sale only of the lands which, by the terms of the release, still remained subject to the mortgage. This is quite clear, since, while all the lands embraced in the mortgage originally were described in the complaint, it contained an allegation that a portion of these lands had been released, as appeared by the release, describing the date, the parties to it and the time and place of record, and adding these words : " For a more particular description of the premises thus released, reference is had to the said release." The release is thus made a part of the complaint ; and it is, therefore, plain that the mortgage was sought to be foreclosed upon the lands remaining subject to it after the release, and no other, and hence the suit had no reference to the lands in question. The prayer of the complaint is that the defendants may be barred and foreclosed of all right, claim, lien and equity of redemption in the said mortgaged premises, and that the said premises may be decreed to be sold. The mortgaged premises, against which this relief was demanded, were, of course, the lands still remaining bound by the mortgage, according to the terms of the release, and none other.

It appears that some other parties, who had been made defendants, interposed answers which presented issues of fact or law, which rendered a trial necessary. Upon the trial the court decided the case in favor of the plaintiff, and decreed a sale of the premises. A distinct finding was made that a portion of the premises originally included in the mortgage had been released, and the release is described by reference to the parties, the dates and the record. The conclusion of law was that the plaintiff " is entitled to judgment against all of the defendants in the usual form for the foreclosure of the said mortgage, and for a sale of all of the mortgaged premises, except that part thereof which was released by the said Elias H. Van Brunt, as hereinbefore stated." These findings and conclusions were proposed by the plaintiff in the foreclosure

action, and were made at her request. The judgment was entered on the eighth of November, 1882. It is in the usual form and adjudged that the mortgaged premises described in the complaint in this action, " as hereinbefore set forth," be sold.

It appears, however, that in describing the lands thus directed to be sold in the decree, the language of the complaint was not followed. All the lands embraced in the original mortgage were described, but instead of excepting from this description the lands and premises which were released, the exception described the lands and premises which were not released. This, of course, is an obvious clerical error. The intention was to except from the description of the lands in the judgment the lands which had been released, as already stated. But this error in the description is followed by a reference to the release and the lands so erroneously excepted from the decree and the only lands intended to be sold are still identified by the following words : " As described in a certain release bearing date the eighteenth day of August, 1863, executed by Elias H. Van Brunt to Hawley D. Clapp, and recorded in the office of the registrar of Westchester county, in liber 508 of Deeds, page 229, on the 20th day of August, 1863."

While it is plain that in describing the lands which were to be excepted from the judgment by metes and bounds, the draftsman obviously intended to exclude from the operation of the judgment the lands which had been released, they were by mistake included, and they are the lands in controversy in this action. This is made plain by reference to the release itself, which, to all intents and purposes, is a part of the judgment. The judgment, therefore, properly construed, does not direct a sale of the lands in question. The decree relates to the land described in the complaint, and the release, which is a part of it, excluded the lands in controversy. The decree does substantially the same thing when read with the release, which is a part of it. The mistake of the draftsman did not change the effect to be given to the

instrument. (*Laverty* v. *Moore,* 33 N. Y. 658; *Masten* v. *Olcott,* 101 N. Y. 152.)

The contention in behalf of the defendant is, nevertheless, that the decree in terms directed the lands in question, as part of the released lands, to be sold and that they were sold, and that the purchaser under the referee's deed, which was affected by the same error as the decree, took title. But this contention cannot be sustained. The purchaser at the referee's sale, and who took the referee's deed, was the plaintiff in the foreclosure action herself. The error in the decree and in the description in the deed is to be attributed to her, since the judgment was prepared and entered by her own attorneys. It would be manifestly unjust to hold that she could, in consequence of the error of her own attorneys, become vested with the title to lands which otherwise clearly belonged to the plaintiff. It is no answer to this proposition to say that the plaintiff should have made a motion to correct the judgment. The question is, what did the plaintiff take in consequence of her own error. If the land which the plaintiff now seeks to recover was in any just or proper sense embraced in the terms of the decree, it was something more than a mere irregularity. It was wholly unauthorized. The court was without power to decree its sale.

By section 1207 of the Code it is provided that, "where there is no answer, the judgment shall not be more favorable to the plaintiff than that demanded in the complaint." This means that the court was forbidden by statute to include in the decree any relief greater than that demanded in the complaint; and since the complaint did not demand a sale of the parcel in controversy, the court had no power to include it in the description of lands to be sold. This court has very properly held that this provision of the Code is for the protection of the defendant who suffers default. (*Peck* v. *N. Y. & N. J. R. Co.,* 85 N. Y. 246.) If it were otherwise there would be no protection to a defendant who had suffered default, and the plaintiff would be at liberty to enter a judgment for any measure of relief that he desired, whether it was embraced within the complaint

or not, and then put the defaulting defendant to his motion to correct the judgment. A defendant under such circumstances can, doubtless, make such a motion, as he can also make a motion to set aside a judgment against him which is absolutely void. But his remedy is not confined to such a motion. He may resist or attack an unauthorized judgment or decree against him in any form that he may elect.

This proposition may be illustrated by reference to a very common case. A party may bring an action of replevin against his neighbor for the recovery of a horse. The horse is described in the complaint, the affidavit and the requisition to the sheriff, and when these papers are served upon the defendant he may conclude to retain the horse and give the undertaking for that purpose. But subsequently, and before the time to answer has expired, he may also conclude that he has no defense to the action and allow judgment to go against him by default for the recovery of the horse, or its value. Upon application of the plaintiff the court orders judgment for the relief demanded in the complaint; but in drawing the judgment the plaintiff, by mistake or otherwise, describes two horses which he requires the defendant to deliver to him, or to pay their value. Now, it cannot be said that that part of the judgment which included an extra horse was merely irregular. It was absolutely unauthorized, and so the courts have held. (*Simonson* v. *Blake*, 12 Abb. 331; id. 311.)

The defendant who makes default is not bound to watch the clerk's office, in order to see that the judgment entered against him by default does not exceed the demand or cause of action which he admitted by omitting to answer; and so far as the judgment in the foreclosure action exceeded the relief demanded in the complaint, it was, to that extent, without authority.

But whether the judgment is to be regarded as irregular or void it is difficult to see how it can help the defendant. We have already seen that Mrs. Clapp, the plaintiff, was also the purchaser at the referee's sale. She certainly took nothing at that sale by reason of the error of her attorneys, and, hence,

acquired no title to any part of the released lands. Moreover, it is perfectly plain that she gave a correct construction to the judgment, and that she never supposed that it embraced any lands that had been excluded from the mortgage by the release. On the 11th of February, 1884, she conveyed the lands purchased at the referee's sale, and in this conveyance she excepted and reserved out of the lands described, which included the whole tract originally covered by the mortgage, all the released lands by appropriate words, making reference to the release itself. It is under her grantee and this deed that the defendant claims title, and it is obvious that she conveyed no interest in the premises in question, and that the defendant acquired no title under this deed. So that the defendant's chain of title discloses the fact that none of his predecessors, subsequent to the purchaser under the referee's deed, acquired any title to this land. Whatever may be the effect of the foreclosure judgment, it certainly cannot operate to confer title upon the defendant, and the only purpose for which he can use it is not to prove title in himself, but title out of the plaintiff, and it is plain that no such effect can be given to it.

We, therefore, conclude that the plaintiff was not divested of his title through the operation of the decree, nor did the purchaser, under the referee's deed, acquire any title thereby to the lands in controversy.

The judgment is right, and should be affirmed, with costs.

All concur.

Judgment affirmed.