(74 App. Div. 535.)

### PEOPLE v. MANHATTAN REAL ESTATE & LOAN CO. OF NEW YORK.

(Supreme Court, Appellate Division, Fourth Department. July 8, 1902.)

1. APPEAL—DEMURRER—FAILURE TO ANSWER.

Where an order overruling a demurrer gives leave to answer, and provides that, in case an answer is not filed in the specified time, final judgment shall be given for plaintiff, a judgment in accordance with the terms of the order is not by default, and an appeal lies.

2. SAVINGS AND LOAN ASSOCIATION—DOUBTFUL SOLVENCY—DUTY OF ATTORNEY GENERAL—ACTION TO DISSOLVE.

New York Banking Law, § 18, provides that, whenever it appears to the superintendent of banks that it is unsafe for a corporation organized under that law to continue business, he shall communicate such fact to the attorney general, who shall thereon institute such proceedings against the corporation as are authorized in the case of insolvent corporations. Code Civ. Proc. §§ 1785, 1786, 1808, authorize the attorney general, when certain conditions exist, in the case of an insolvent corporation, to bring an action, in the name of the people, to dissolve the same. *Held*, that where the superintendent of banking reported to the attorney general that a savings, loan, and building association was in such condition that it was unsafe for it to longer continue in business, the attorney general might institute proceedings for dissolution, in the name of the people, without a relator.

Appeal from special term, Oneida county.

Action by the people, by John C. Davies, attorney general, against the Manhattan Real Estate & Loan Company of New York. From a final judgment dissolving defendant corporation, and appointing a receiver, it appeals. Affirmed.

Argued before ADAMS, P. J., and McLENNAN, SPRING, WILLIAMS, and HISCOCK, JJ.

¶ 1. See Appeal and Error, vol. 2, Cent. Dig. § 698.

William Hepburn Russell, William Beverly Winslow, and John E. Ruston, for appellant.

John C. Davies, Atty. Gen., for the People.

ADAMS, P. J. The defendant is a domestic corporation organized under the provisions of the banking law of this state (Laws 1892, c. 689), and is conducting business as a savings, loan, and building association, with its principal office at No. 277 Broadway, in the city of New York.

The present action was brought to dissolve such corporation, and to restrain the officers thereof from exercising any corporate powers, franchises, and privileges, and from transferring, disposing of, or in any manner interfering with, its property and assets. The complaint contains allegations of facts tending to establish the defendant's insolvency and violations of its charter, and it also alleges:

"Twelfth. That from an examination made, by and under the direction of the superintendent of banks of the state of New York, of the defendant, and its books and business, in or about the month of February, 1901, the fact appeared that it was unsafe and inexpedient for the said defendant to longer continue to transact business, and that the interests of the creditors and shareholders require that its assets and property should be taken from the control and management of said defendant, and preserved for the benefit of the persons entitled thereto.

"Thirteenth. That the said superintendent of banks of the state of New York, believing said facts to be true, has communicated the same to the attorney general of the state of New York, for the institution, by the latter-named official, of such action or proceeding as the nature of the case may require, and as will protect the interests of the creditors and shareholders of said defendant; and the attorney general is of the opinion, from such facts, that the defendant should not longer be permitted to transact business, and that its corporate rights and franchises should be terminated."

To this complaint a demurrer was interposed, alleging: (1) That the supreme court had not jurisdiction of the subject of the action; (2) a want of legal capacity to sue upon the part of the plaintiff, because an action cannot be brought or maintained by the attorney general in the name of the people of the state of New York, under and pursuant to section 18 of the banking law, and sections 1785, 1786, and 1808 of the Code of Civil Procedure, against this defendant; and (3) that the complaint does not state facts sufficient to constitute a cause of action.

The issues thus joined came on for trial at special term, where the defendant's demurrer was overruled, with costs, and an interlocutory judgment was thereupon entered, which adjudged and decreed, among other things, that:

"In case the defendant does not, within twenty days of the service of a copy of this judgment on its attorney, with notice of entry, answer the complaint, and pay said costs, then plaintiffs may apply to this court for final judgment against the said defendant for the relief demanded in the complaint."

No answer was served within the time specified, and final judgment was subsequently directed and entered on the 11th day of February, 1902, from which judgment this appeal is brought.

It is contended by the plaintiff that the judgment appealed from

was rendered upon the defendant's default, and that consequently no appeal will lie; but a contrary rule was held by the former general term of the Fourth department (Smith v. Barnum [Sup.] 3 N. Y. Supp. 476), and we are disposed to acquiesce in that decision.

It only remains, therefore, to consider the defendant's proposition that the attorney general cannot maintain this action, in the name of the people, without a relator, merely because the superintendent of banks deems it unsafe and inexpedient for the corporation to continue business. It will be seen by reference to section 18 of the banking law that, whenever it is made to appear to the superintendent of banks that it is unsafe and inexpedient for a corporation organized under the provisions of that law to continue business, he shall communicate such fact to the attorney general, who shall thereupon institute such proceedings against the corporation as are authorized in the case of insolvent corporations, or such other proceedings as the nature of the case may require; and by turning to sections 1785, 1786, and 1808 of the Code of Civil Procedure, it will be found that the attorney general, when certain conditions exist, is expressly authorized, "in the case of insolvent corporations," to bring an action, in the name and in behalf of the people, to dissolve the same, and to procure a judgment declaring its corporate rights, privileges, and franchises forfeited. As we construe the complaint herein, it not only alleges facts which bring the case within section 18 of the banking law (People v. Empire Loan & Investment Co., 15 App. Div. 69, 44 N. Y. Supp. 308), but it also alleges such as tend to establish a condition of insolvency which had existed for a period of more than one year prior to the commencement of this action. It would seem to follow, therefore, that the action is properly brought, and that the complaint states facts sufficient to support the same. Did we entertain any doubt as to the correctness of this conclusion, we should not lack for ample authority to support the same, inasmuch as the precise questions here raised have been recently decided adversely to the defendant's contention by the appellate division in the First and Second departments. People v. Mercantile Co-operative Bank, 53 App. Div. 295, 65 N. Y. Supp. 766; People v. Republic Savings & Loan Ass'n, 53 App. Div. 384, 65 N. Y. Supp. 1036. The opinions in these two cases consider these questions with so much care and elaboration as to render any further discussion of them unprofitable.

The judgment appealed from should be affirmed. Judgment affirmed, with costs. All concur.