### MATHOT v. TRIEBEL.

(Supreme Court, Appellate Division, Second Department. March 3, 1905.)

1. DEFAULT JUDGMENT—PROCEEDINGS FOR ENTRY—REGULARITY.

Plaintiff sued to establish a lien on property for services rendered defendant "to an extent sufficient to satisfy" such claim, and asked that the extent of his lien and claim "be ascertained and determined, and defendant adjudged to pay the same." *Held*, that on defendant's failure to answer after the overruling of his demurrer and the rendition of an interlocutory judgment which did not direct final judgment, plaintiff was not entitled to a judgment for the amount of his demand, with interest and costs, without proceedings to ascertain the amount as prescribed by Code Civ. Proc. §§ 1222, 1223.

2. SAME—EXTENT OF RELIEF.

Under Code Civ. Proc. § 1207, providing that "where there is no answer the judgment shall not be more favorable to plaintiff than that demanded in the complaint," where a complaint seeks to establish a lien on property in plaintiff's hands to satisfy a demand due him, and no answer is filed, plaintiff is not entitled to a money judgment.

3. SAME—NOTICE OF ASSESSMENT OF DAMAGES—APPEARANCE.
    A demurrer to the complaint being equivalent to a general appearance
    by defendant (Code Civ. Proc. § 421), where the demurrer is overruled,
    though defendant fails to answer over, he is entitled, under section 1219,
    to notice of the assessment of damages by the clerk, as well as of the
    application to the court for judgment.

4. APPEAL—WHO ENTITLED.
    Where plaintiff took judgment without notice to defendant after the
    overruling of a demurrer to the complaint, and defendant's failure to
    answer over, defendant was entitled to appeal.

Appeal from Special Term, Queens County.

Action by William L. Mathot against Frederick E. Triebel.   From a
judgment for plaintiff, defendant appeals.   Reversed.

See 90 N. Y. Supp. 903.

Argued before HIRSCHBERG, P. J., and BARTLETT, WOOD-
WARD, and JENKS, JJ.

Daniel D. Sherman, for appellant.

William L. Mathot (J. Du Pratt White, on the brief), for respondent.

JENKS, J.   The plaintiff complained that he had rendered legal
services to the defendant worth $1,000, and demanded that it be de-
creed that he had "a lien upon all papers and matters in his hands, the
property of defendant, and the moneys coming to said defendant" by
virtue of a contract which required such services "to an extent sufficient
to satisfy and discharge plaintiff's said claim for services"; that "the
extent of plaintiff's said lien and claim be ascertained and determined,
and the defendant adjudged to pay the same"; and for "such other
and further relief in the premises as is proper and equitable."   The
defendant's demurrer was overruled, with leave to answer upon pay-
ment of costs, and interlocutory judgment was entered.   The plaintiff,
showing the omission of the defendant to pay the costs or to answer,
moved to enter judgment showing also that the interlocutory judgment
on the decision did not provide for the entry of final judgment.   The
court, without further procedure, granted the motion, and directed the
clerk to enter judgment for the plaintiff "for the amount of his demand
herein, with interest and costs to be taxed."   The clerk thereupon en-
tered judgment in favor of the plaintiff for $1,015, principal and in-
terest, and the costs as taxed by him.

As the decision did not direct final judgment, and the complaint did
not demand judgment for a sum of money only, the practice is pre-
scribed by sections 1222 and 1223 of the Code of Civil Procedure.   I
have shown that the action is on the equity side of the court, and that its
prayer is to ascertain, determine, and enforce a lien, and, when the
extent thereof is ascertained and determined, for judgment accordingly.
But the plaintiff has recovered, without any determination or ascertain-
ment in the premises, or any procedure upon his application for judg-
ment, a definite sum of money, outside of the prayer, and necessarily
upon his allegation that his services were worth that sum.   The de-
murrer was not an answer (Kelly v. Downing, 42 N. Y. 71), and the
judgment could not be more favorable to the plaintiff than that demand-
ed in the complaint (section 1207, Code Civ. Proc.).   This section is ap-

plicable to this case.   Edson v. Girvan, 29 Hun, 422; Peck v. N. Y.
& N. J. R. Co., 85 N. Y. 246.   The provision of section 1207, supra,
means that the statute forbids inclusion of any relief in the decree great-
er than that demanded in the complaint.   Clapp v. McCabe, 155 N. Y.
525, 50 N. E. 274.   The demurrer was equivalent to a general appear-
ance (section 421, Code Civ. Proc.), and the defendant was entitled to
notice of the assessment by the clerk, as well as the application to the
court (section 1219, Code Civ. Proc), and to "challenge the amount
of recovery, even by affirmative evidence in diminution of damages"
(Bassett v. French [Gen. Term Com. Pl.] 10 Misc. Rep. 672, 31 N. Y.
Supp. 667, appeal dismissed 155 N. Y. 46, 49 N. E. 325).

It is obvious that the judgment in this case is more favorable than
that demanded by the complaint, and that it cannot be sustained.
Swart v. Boughton, 35 Hun, 281, and cases cited; Simonson v. Blake,
12 Abb. Prac. 331; Clapp v. McCabe, supra; Hasbrouck v. New Paltz,
Highland & Poughkeepsie Traction Co. (Dec. 14, 1904) 90 N. Y. Supp.
977.

The defendant was entitled to this appeal.   Bassett v. French, supra;
People v. Manhattan Real Estate Co., 74 App. Div. 535, 77 N. Y. Supp.
837; Clapp v. McCabe, supra.

The final judgment should be vacated, and the order for its direction
reversed, with costs.   All concur.