WILLIAM L. MATHOT, Respondent, *v.* FREDERICK E. TRIEBEL, Appellant.

*Action by an attorney to establish a lien on his client's papers, etc.— how judgment may be entered where a demurrer interposed by the client is overruled and the client fails to answer over — appeal from a judgment erroneously entered.*

The complaint in an action alleged that the plaintiff had rendered legal services to the defendant worth $1,000 and demanded that it be decreed that he had " a lien upon all papers and matters in his hands, the property of defendant, and the moneys coming to said defendant" by virtue of a contract which required such services " to an extent sufficient to satisfy and discharge plaintiff's said claim for services;" that " the extent of this plaintiff's said lien and claim be ascertained and determined and the defendant adjudged to pay the same," and for "such other and further relief in the premises as is proper and equitable."

The defendant interposed a demurrer to such complaint, which was overruled with leave to the defendant to answer upon payment of costs. The defendant having failed to pay the costs or to answer, the plaintiff moved for final judgment, showing that the interlocutory judgment overruling the demurrer did not provide for the entry of such judgment.

The court without further procedure granted the motion and directed the clerk to enter judgment for the plaintiff " for the amount of his demand herein, with interest and costs to be taxed." The clerk thereupon entered judgment in favor of the plaintiff for $1,015 principal and interest and the costs as taxed by him.

*Held,* that the judgment was more favorable to the plaintiff than that demanded by the complaint and should, therefore, be reversed;

That as the interlocutory judgment did not provide for the entry of final judgment and as the complaint did not demand judgment for a sum of money only, the practice to be followed by the plaintiff was prescribed by sections 1222 and 1223 of the Code of Civil Procedure;

That under the complaint the plaintiff was not entitled to judgment for a definite sum of money until the extent of his lien had been ascertained and determined;

That the demurrer was equivalent to a general appearance, and that, before the final judgment could be rendered against him, the defendant was entitled to notice of the assessment by the clerk as well as notice of the application to the court and to challenge the amount of the recovery even by affirmative evidence in diminution of damages;

That the defendant was entitled to appeal from the final judgment.

APPEAL by the defendant, Frederick E. Triebel, from a final judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Queens on the 31st day of

March, 1904, upon an order bearing date the 30th day of March, 1904, with notice of an intention to bring up for review upon such appeal an interlocutory judgment in favor of the plaintiff, entered in the office of the clerk of the county of Queens on the 11th day of February, 1904, upon the decision of the court, rendered after a trial at the Kings County Special Term, overruling the defendant's demurrer to the plaintiff's complaint, and also the said order upon which the final judgment appealed from was entered.

*Daniel D. Sherman,* for the appellant.

*William L. Mathot* [*J. Du Pratt White* with him on the brief], for the respondent.

Jenks, J. :

The plaintiff complained that he had rendered legal services to the defendant worth $1,000 and demanded that it be decreed that he had " a lien upon all papers and matters in his hands, the property of defendant, and the moneys coming to said defendant" by virtue of a contract which required such services " to an extent sufficient to satisfy and discharge plaintiff's said claim for services; " that " the extent of this plaintiff's said lien and claim be ascertained and determined and the defendant adjudged to pay the same," and for " such other and further relief in the premises as is proper and equitable." The defendant's demurrer was overruled, with leave to answer upon payment of costs, and interlocutory judgment was entered. The plaintiff, showing the omission of the defendant to pay the costs or to answer, moved to enter judgment showing also that the interlocutory judgment on the decision did not provide for the entry of final judgment. ·The court without further procedure granted the motion and directed the clerk to enter judgment for the plaintiff " for the amount of his demand herein, with interest and costs to be taxed." The clerk thereupon entered judgment in favor of the plaintiff for $1,015 principal and interest and the costs as taxed by him.

As the decision did not direct final judgment and the complaint did not demand judgment for a sum of money only, the practice is prescribed by sections 1222 and 1223 of the Code of Civil Procedure. I have shown that the action is on the equity side of the

court and that its prayer is to ascertain, determine and enforce a lien, and when the extent thereof is ascertained and determined, for judgment accordingly.    But the plaintiff has recovered, without any determination or ascertainment in the premises or any procedure upon his application for judgment, a definite sum of money outside of the prayer and necessarily upon his allegation that his services were worth that sum.    The demurrer was not an answer (*Kelly* v. *Downing*, 42 N. Y. 71), and the judgment could not be more favorable to the plaintiff than that demanded in the complaint.    (Code Civ. Proc. § 1207.)    This section is applicable to this case.    (*Edson* v. *Girvan*, 29 Hun, 422; *Peck* v. *N. Y. & N. J. R. Co.*, 85 N. Y. 246.)    The provision of section 1207 (*supra*) means that the statute forbids inclusion of any relief in the decree greater than that demanded in the complaint.    (*Clapp* v. *McCabe*, 155 N. Y. 525.) The demurrer was equivalent to a general appearance (Code Civ. Proc. § 421), and the defendant was entitled to notice of the assessment by the clerk, as well as of the application to the court (Id. § 1219) and to " challenge the amount of recovery, even by affirmative evidence, in diminution of damages." (*Bassett* v. *French*, 10 Misc. Rep. 672; appeal dismissed, 155 N. Y. 46.)

It is obvious that the judgment in this case is more favorable than that demanded by the complaint, and that it cannot be sustained. (*Swart* v. *Boughton*, 35 Hun, 281, and cases cited; *Simonson* v. *Blake*, 12 Abb. Pr. 331; *Clapp* v. *McCabe*, *supra*; *Hasbrouck* v. *New Paltz, etc., Traction Co.*, 98 App. Div. 563.)

The defendant was entitled to this appeal.    (*Bassett* v. *French*, *supra*; *People* v. *Manhattan Real Estate Co.*, 74 App. Div. 535; *Clapp* v. *McCabe*, *supra*.)

The final judgment should be vacated, and the order for its direction reversed, with costs.

HIRSCHBERG, P. J., BARTLETT and WOODWARD, JJ., concurred.

Final judgment vacated and order for its direction reversed, with costs.