It "must intelligibly describe the judgment, stating the names of the parties in whose favor, and against whom, the time when, and the court in which, the judgment was rendered; and, if it was rendered in the Supreme Court, the county in which the judgment roll is filed. It must require the sheriff to return it to the proper clerk, within sixty days after the receipt thereof." It must specify "the sum recovered, or directed to be paid, and the sum actually due when it is issued." It must state "the time when the judgment [roll] was docketed in the office of the clerk of the county."

All of these essential recitals were correctly made in the execution complained of. Neither of the remaining defects in the execution rendered it void in the hands of the sheriff. It would have been perfectly good if it had not been tested at all, and consequently an erroneous testation did not avoid it. Douglas v. Haberstro, 88 N. Y. 611. Nor was the erroneous direction as to its return of any consequence, because the law, and not the direction contained in the paper, was controlling upon the sheriff. Wright v. Nostrand, 94 N. Y., 31–48. The execution as it was delivered to the sheriff was a sufficient warrant for his action, and he might have subjected himself to serious responsibility if he had refused to act thereon.

The order appealed from must be reversed, with $10 costs and disbursements, and the motion denied, with $10 costs. All concur.

---

SAUERBRUNN v. HARTFORD LIFE INS. CO. (No. 6490.)

(Supreme Court, Appellate Division, First Department. December 31, 1914.)

1. APPEAL AND ERROR (§ 127*)—DECISIONS APPEALABLE—"JUDGMENT BY DEFAULT."

Where, in an action for an injunction as to future assessments on a benefit certificate, for an accounting as to assessments already collected, and to recover the amount found due on such accounting, defendant's demurrer was overruled, in a judgment providing that, if defendant did not withdraw its demurrer and answer over, plaintiff should have final judgment for the relief demanded in the complaint, a judgment rendered on defendant's refusal to answer, which did not merely grant an injunction and direct an accounting, but determined the amount due from defendant, was not a judgment entered by "default," within Code Civ. Proc. § 1294, excepting judgments rendered on default from those judgments from which an appeal will lie.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 885–889, 891; Dec. Dig. § 127.*

For other definitions, see Words and Phrases, First and Second Series, Judgment by Default.]

2. APPEAL AND ERROR (§ 1149*)—DECISIONS—MODIFICATION OF JUDGMENT.

Where, in an action for an injunction and an accounting and to recover the amount found due on such accounting, defendant, on the overruling of its demurrer, refuses to answer, and the court thereafter, instead of merely granting an injunction and directing an accounting, erroneously proceeds to take ex parte affidavits and makes findings of fact as to the amounts due from defendant, the appellate court will reduce the judgment to one for an injunction and an accounting, and affirm same as modified.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4483–4496; Dec. Dig. § 1149.*]

Ingraham, P. J., dissenting.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Appeal from Special Term, New York County.

Action by Henry J. Sauerbrunn, Jr., against the Hartford Life Insurance Company. Judgment for plaintiff. Defendant appeals. Modified and affirmed.

See, also, 159 App. Div. 906, 144 N. Y. Supp. 1143.

Argued before INGRAHAM, P. J., and CLARKE, SCOTT, DOWLING, and HOTCHKISS, JJ.

John T. McGovern, of New York City, for appellant.

H. Ingersoll Coggeshall, of New York City, for respondent.

SCOTT, J. I concur entirely with the Presiding Justice that the judgment sought to be appealed from is erroneous, and that, whenever properly brought before this court, it must be reversed, or substantially modified. Clearly the defendant is aggrieved by it, and the only question is whether or not he should have sought redress by an appeal from the judgment, or by moving at Special Term, and, if his motion for relief had been denied, appealing from the order denying the motion. That question depends upon the further question whether or not the judgment was one rendered on default, within the meaning of section 1294 of the Code of Civil Procedure.

The history of the case may be briefly stated as follows: The action called in question the amount assessed upon plaintiff as a member of a mutual benefit life insurance company. It charged, not only that excessive assessments had been collected in the past, but that defendant, unless restrained, would continue to levy such excessive assessments in the future. Judgment was demanded (1) for an injunction as to future assessments; (2) for an accounting as to assessments collected in the past; and (3) the recovery of the amount found due upon such accounting.

[1, 2] The defendant demurred upon several grounds, those chiefly relied upon being lack of jurisdiction of the defendant and of the subject-matter of the action. The issues of law thus raised were brought on for hearing at Special Term, and an interlocutory judgment entered overruling the demurrer; the judgment giving leave to defendant to withdraw its demurrer and answer over, and providing that, in case defendant did not answer, "then that plaintiff have final judgment against the defendant for the relief demanded in the complaint." This judgment was affirmed at the Appellate Division. Defendant, being refused leave to appeal to the Court of Appeals, and being unable to appeal without said leave, elected to stand upon its demurrer, and neglected to withdraw it and answer over. Thereupon plaintiff served notice of an application to Special Term for a judgment, as by default, for the relief demanded in the complaint. Defendant did not appear on the return of the motion, and the judgment complained of was entered.

Instead of granting an injunction and directing an accounting, as prayed for in the complaint, and as defendant might reasonably have expected would have been the judgment granted, the court proceeded to take ex parte affidavits, and thereupon to make findings of fact as to the amounts which defendant had been overpaid. This, of course,

was wholly irregular, and we are bound to assume that, if defendant had appeared upon the motion and made proper representations to the court, no such irregular and unauthorized judgment would have been entered.

Was this judgment one entered by default, within the meaning of section 1294 of the Code of Civil Procedure? A similar question was considered by the General Term in the Fourth Department in Smith v. Barnum, 50 Hun, 602, 3 N. Y. Supp. 476. In that case, as in this, the defendants had demurred, their demurrer was overruled, they served no answer, and thereupon judgment was entered for plaintiff. Defendants appealed, and it was objected that the judgment was unappealable, having been entered on default. The court said:

"In the order overruling the demurrers leave was given to withdraw the demurrers and to serve an answer within 20 days after service of a copy of such interlocutory judgment upon them. The order further provided, viz.: 'If they shall not withdraw their demurrer as provided, and answer the complaint, then the plaintiff shall have judgment against them for the relief demanded in the plaintiff's complaint.' Inasmuch as the judgment is entered in pursuance of the directions contained in the order, we are of the opinion that it was not a judgment by default."

The court thereupon entertained the appeal from the judgment. The same question arose under like circumstances in People v. Manhattan Real Estate Co., 74 App. Div. 535, 77 N. Y. Supp. 837, reversed on other grounds 175 N. Y. 133, 67 N. E. 219, and the court followed the same ruling.

The same question came before the Appellate Division in the Second Department in Mathot v. Triebel, 102 App. Div. 426, 92 N. Y. Supp. 512. That was an action to establish a lien and the complaint asked, inter alia, that "the extent of plaintiff's said lien and claim be ascertained and determined and the defendant adjudged to pay the same." The defendant demurred, and, upon his demurrer being overruled, failed to answer, whereupon plaintiff moved for judgment. The court awarded final judgment for the amount claimed in the complaint. The defendant appealed from the judgment, and it was objected that an appeal would not lie, because the judgment had been entered on default. The court, however, entertained the appeal, saying:

"The demurrer was equivalent to a general appearance (Code Civ. Proc. § 421), and the defendant was entitled to a notice of assessment by the clerk, as well as of the application to the court (Id. § 1219), and to 'challenge the amount of recovery, even by affirmative evidence, in diminution of damages.' Bassett v. French, 10 Misc. Rep. 672 [31 N. Y. Supp. 667], appeal dismissed 155 N. Y. 46 [49 N. E. 325]."

In the present case the plaintiff was entitled to enter judgment for the relief demanded in the complaint by virtue of the interlocutory judgment overruling the demurrer. That judgment, so far as it could be entered in advance of an accounting, was only for an injunction and an accounting. To that extent the defendant could not have successfully opposed the motion for judgment, and it was therefore unnecessary for it to appear in opposition. It was, however, not called upon to anticipate that the court would go further and decree the

amount due without an accounting and without legal evidence. I am therefore of the opinion that the judgment was not one entered on default, within the meaning of section 1294, Code Civ. Proc., as heretofore construed, and that it is therefore appealable.

The proper disposition of the appeal, as I think, is to modify the judgment, so as to reduce it to the form that it should have taken in the first instance; that is, a judgment for an injunction and for an accounting. As so modified, the judgment should be affirmed, without costs. From that judgment I should be disposed to permit an appeal to the Court of Appeals, so that the fundamental question raised by defendant may be speedily determined.

CLARKE, DOWLING, and HOTCHKISS, JJ., concur.

INGRAHAM, P. J. (dissenting). This record presents a peculiar condition, from which has resulted the entry of a final equity judgment, enjoining the defendant and for a sum of money, on affidavits, without an accounting or other trial or investigation. · The relief demanded in the complaint was:

"(1) That the defendant be perpetually· enjoined from assessing the plaintiff upon his aforesaid contracts at a rate in excess of $2.68 per $1,000, on a total indemnity of $1,000,000; (2) that the defendant account to the plaintiff for the sums of money received from the plaintiff in excess of said rate of $2.68 since the 15th day of January, 1900, with interest upon each successive payment since the date of said payment; and (3) that the plaintiff have judgment against the defendant for the sum so found to be due the plaintiff upon such accounting, and that the plaintiff have such other and further relief as may to the court seem just and reasonable, besides the costs and disbursements of this action."

To that complaint the defendant interposed a demurrer, which was overruled at Special Term, and on appeal from the interlocutory judgment was affirmed in this court. 159 App. Div. 121, 143 N. Y. Supp. 1009. The defendant was allowed leave to withdraw the demurrer and to answer. Failing to serve an answer within the time allowed, defendant was therefore in default, and plaintiff was entitled to judgment for the relief prayed for in the complaint; i. e., an injunction and an accounting. The defendant being in default, the plaintiff moved for final judgment at Special Term on notice to defendant. The defendant did not appear on that motion, and the court therefore entered final judgment in favor of the plaintiff. But instead of entering the judgment which the plaintiff asked for—i. e., an injunction and an accounting—the court, upon affidavits and without the examination of any witnesses, seems to have itself taken the accounting and entered a final judgment against defendant for a sum of money.

This was clearly irregular. The application for judgment was made under the Code of Civil Procedure. Section 1215 of the Code provides:

"The court, or a judge or justice thereof, must thereupon render the judgment to which the plaintiff is entitled. It, or they may, without a jury, or with a jury if one is present in court, make a computation or assessment, or take an account, or proof of a fact, for the purpose of enabling it, or them, to render the judgment, or to carry it into effect; or it, or they,

may .in its, or their discretion, direct a reference, or a writ of inquiry, for either purpose.  *  *  *"

Section 1207 of the Code provides:

"Where there is no answer, the judgment shall not be more favorable to the plaintiff, than that demanded in the complaint."

Undoubtedly the court could have taken an accounting on this application by the plaintiff for judgment for the relief demanded in the complaint, the defendant not appearing to oppose it, or could have appointed a referee to take such an account. But receiving affidavits was not taking an account as demanded, and the judgment entered thereon seems to be clearly irregular.

The judgment was entered upon the defendant's default. It recited:

"This case having been regularly brought before the court on the plaintiff's application for judgment, on due notice to the defendant's attorney, and it appearing that the defendant has not answered the complaint herein within the time allowed therefor, after the defendant's demurrer to the complaint had been overruled, and the court having heard the evidence produced by the plaintiff in his behalf, and no one appearing in opposition, and the court having made its findings of fact and conclusions of law, now, on motion of Hooker I. Coggeshall, the plaintiff's attorney, it is ordered, adjudged and decreed, first; that the defendant, Hartford Life Insurance Company, be .and hereby is perpetually enjoined from assessing the plaintiff upon its contracts of insurance in said company  *  *  *  at any rate in excess of the rate of $2.68 'for every $1,000.00 of a total indemnity of $1,000,-000.00,' as mentioned and provided for in said contracts; second, that the plaintiff recover against the defendant Hartford Life Insurance Company the sum of sixteen hundred and ninety-one dollars and thirty-four cents ($1,691.-34)," with the costs of the action.  ·

From that judgment the defendant appealed, and included in its notice of appeal:

"And the appellant intends to bring up for review upon such appeal the interlocutory judgment entered herein on the 7th day of February, 1913, whereby it was adjudged that the defendant's demurrer to the complaint herein be overruled, with costs."

The defendant being in default, the plaintiff was entitled to judgment. The defendant having appeared, the notice of application for judgment was duly served, and the failure of the defendant to appear on that application made the judgment thereupon entered a judgment entered on default. Section 1294 of the Code provides:

"A party aggrieved may appeal, in a case prescribed in this chapter, except where the judgment or order, of which he complains, was rendered or made upon his default."

This is the only authority that allows an appeal from a judgment; writ of error having been abolished by section 1293 of the Code of Civil Procedure. Therefore, the judgment being by default, no appeal could be taken. I think, if the defendant had appeared in the court below and opposed the application for judgment, it then could have appealed from that judgment, and brought up for review the interlocutory judgment which this court had affirmed. Section 1316 of the Code of Civil Procedure, providing for the review of interlocutory

judgments and intermediate orders, authorizes such an appeal. Of course, so far as the appeal to this court was concerned, this court having passed upon the interlocutory judgment on a former appeal, it would have been an appeal pro forma; but the defendant had the right to appeal to the Court of Appeals from the final judgment, and, as the interlocutory judgment had not been reviewed by the Court of Appeals, the defendant had the right to appeal from the judgment of this court to the Court of Appeals, and to bring up for review in the Court of Appeals the interlocutory judgment upon which the final judgment was entered. · If the defendant had wished to review the final or interlocutory judgment, it should have appeared in the application for judgment, and not suffered a default; but, inasmuch as it did not appear, it was in default. If it had wished to raise the question that the default final judgment for the plaintiff was more favorable than that demanded by the complaint, and therefore in violation of section 1207 of the Code, it should have moved to vacate the judgment, or to modify it, to make it conform to the relief demanded in the complaint. On appeal from the order on such an application, this court could review the action of the Special Term; but, as it stands, there can be no appeal from the judgment entered on default, and the appeal must be dismissed.

The appeal should therefore be dismissed.